[No. 21099.   Department One.—December 7, 1894.]

## THE PEOPLE, ETC., RESPONDENT, *v.* W. L. EPPINGER, APPELLANT.

CRIMINAL LAW—FORGERY—MAKING OF FICTITIOUS INSTRUMENT—IMPROPER DESIGNATION OF OFFENSE.—An information charging a defendant with forgery in making and forging a fictitious instrument purporting to be the check of a person who has no existence, with intent to defraud, improperly designates the offense as forgery; but where the information specifies acts constituting the offense, under section 476 of the Penal Code, of making or passing a fictitious instrument in writing, and is sufficiently clear to show that the prosecution is under that section, the additional designation of the offense as "forgery" is imma. terial.

ID.—FORGERY A STATUTORY OFFENSE—FICTITIOUS CHECK—DISTINCT OFFENSE.—Forgery is a statutory offense, and the charge of that offense against the accused must be found within the terms of the statute; and though by the criminal law of England the making of a fictitious check would be punishable as a forgery, that offense is a distinct offense with a distinctly designated punishment, under section 476 of the Penal Code.

ID.—PLEADING—SUFFICIENCY OF INFORMATION—PRESUMPTION OF INNOCENCE.—An information must contain that which shows on its face that a crime has been committed by the accused, and if the matters charged in it are as consistent with the innocence of the accused as with his guilt, the presumption of his innocence will overcome the accusation of guilt, and the accused is not to be subjected to a trial of the charge.

ID.—CHARACTER OF FICTITIOUS SIGNATURE—COPARTNERSHIP NAME—INSUFFICIENT INFORMATION.—Under section 476 of the Penal Code the essence of the offense is the making, with an intent to defraud another, of an obligation of some "bank, corporation, copartnership, or individual," when in fact there is no such obligor in existence, and the information must state which class of obligors specified in the statute is claimed to have been assumed by the defendant; and an information setting out a fictitious check apparently signed by a copartnership name, and merely alleging that there is no individual of that name in existence, is insufficient.

ID.—AMBIGUOUS SIGNATURE—NAME OF FIRM OR CORPORATION—NECES-
SARY AVERMENTS.—Where the signature to the check may be either
that of a copartnership or of a corporation it must be alleged in the
information that there was no copartnership in existence by that name,
and that there was no corporation in existence by that name.

ID.—EVIDENCE—CITY DIRECTORY—EXISTENCE OF FIRM.—A city directory
showing therefrom that the name signed to the check does not appear
therein is competent for the purpose of proving that there is no firm
of the name appended to the signature.

ID.—TESTIMONY OF POLICE OFFICER.—It is competent to prove by the tes-
timony of a police officer that he has made inquiries for such a firm,
without success.

ID.—TESTIMONY OF TELLER.—The testimony of the teller in the bank on
which the check was drawn that no firm by the name signed to the
check kept or had any account in his books, was *prima facie* evidence
of the fictitious character of the check.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Clement, Cannon, Kline & Stradley*, for Appellant.

The information is clearly defective, and the demurrer should have been sustained, as the allegation that "there was no such individual as M. Howell & Co. in existence" was insufficient. (Pen. Code, sec. 476; *People* v. *Elliott*, 90 Cal. 587; *People* v. *Dowd*, 4 Pac. C. L. J. 459.)

*Attorney General W. H. H. Hart*, and *Deputy Attorney General Charles H. Jackson*, for Respondent.

The indictment is sufficient to satisfy the liberal form of procedure in this state. (Pen. Code, sec. 950, subds. 2, 959, 1258, 1404; *Dunn* v. *People*, 4 Col. 126; *State* v. *Kimball*, 50 Me. 409; *Thompson* v. *State*, 49 Ala. 16; *People* v. *Harrold*, 84 Cal. 567; *People* v. *Mahlman*, 82 Cal. 585; *People* v. *Rozelle*, 78 Cal. 84; *People* v. *Tonielli*, 81 Cal. 279; *People* v. *O'Brien*, 64 Cal. 53; *People* v. *King*, 27 Cal. 510, 511; 87 Am. Dec. 95.)

HARRISON, J.—An information was filed in the superior court of the city and county of San Francisco

against the defendant, charging him with "forgery," committed as follows: "The said W. L. Eppinger, on the thirteenth day of November, A. D. eighteen hundred and ninety-three, at the said city and county of San Francisco, state of California, with intent to defraud, did make and forge a certain fictitious instrument in writing for the payment of money, purporting to be signed by M. Howell & Co., and which said instrument in writing was and is in the words and figures following, to wit:

"No. 48 Clearing House, No. 2.

"SAN FRANCISCO, Nov. 13, 1893.

"The Bank of British Columbia, San Francisco, Cal. Pay to W. L. Eppinger or bearer $36.00.   Thirty-six $\frac{}{100}$ dollars.                    M. HOWELL & Co.

"And on the back thereof was indorsed the name 'W. L. Eppinger.'"

Whereas, in truth and in fact there was no such individual as M. Howell & Co. in existence, as he, the said W. L. Eppinger, then and there well knew, and that the said instrument in writing was fictitious; and upon the trial thereof he was convicted and sentenced to the state prison for the term of fourteen years.

Section 476 of the Penal Code of this state makes special provision for the offense of making or passing a fictitious instrument in writing, and a distinction is thus made between the forgery of a check upon an existing person and the making and passing of a fictitious instrument purporting to be the check of a person who has no existence.   In *People* v. *Elliott*, 90 Cal. 586, it was held that section 470 of the Penal Code does not include the matters contained in section 476, and that the act of making or passing a fictitious check can only be prosecuted when brought within the requirements and conditions of the latter section.

As the specific acts constituting the offense with which the defendant is charged are set forth in the information with sufficient clearness to show that the

prosecution is under this section, the additional desig-
nation of the offense as "forgery" is immaterial.   For-
gery is a statutory offense, and the charge against the
accused must be found within the terms of the statute.
While by the criminal law of England the making of a
fictitious check would be punishable as a forgery, the pro-
visions of section 476 of the Penal Code show that it
was the intention of the legislature of this state to
render the making or passing of a fictitious instrument
a distinct offense with a designated punishment, and
the prosecution in the present case is accordingly had
under that section.

An indictment or information must contain matter
which shows on its face that a crime has been committed
by the accused.   If the matters charged in the indict-
ment or information are as consistent with the inno-
cence of the accused as with his guilt the presumption
of his innocence will overcome the accusation of guilt
and the accused is not to be subjected to a trial of the
charge.   The essence of the offense created by the pro-
visions of section 476 is the making, with an intent
to defraud another, of an obligation of some "bank,
corporation, copartnership, or individual," when in
fact there is no such obligor in existence; but the
mere charge of making and passing a check with the
averment that there is no "corporation" in existence of
the name by which the check purports to have been
signed does not state an offense within the provisions of
this section, unless it is also averred that the name
signed to the check purported to be the name of a
corporation.   If the name signed to the check is as
apparently that of a corporation as of a partnership
it is necessary to allege which of the two it purports
to be, and that the one so alleged has no existence;
and an information equally fails to state an offense if
it avers that there is no "individual" of the name
signed to the check, unless the name by which the
check purports to be signed is apparently that of an
individual, or it is alleged that such name purports to

be that of an individual. The allegation that the check was fictitious adds nothing to the statement of the crime unless the statutory particulars in which it is fictitious are also alleged. The statute designates four classes of obligors whose signature may be attached to a fictitious instrument, and, unless the signature purports to be that of one of these classes, it is not within the provisions of the statute. Moreover, the defendant has the right to be informed which of these classes of obligors is claimed to have been assumed by him.

The information in the present case does not aver that the name of "M. Howell & Co.," signed to the instrument, purports to be that of an individual, and as such signature is not presumptively or in legal contemplation that of an individual, the subsequent averment that there is no such "individual" as M. Howell & Co. does not charge an offense within the terms of section 476. "M. Howell & Co." may be the name of either a partnership or a corporation, or it may be the name under which an individual does the business of a bank, and, for the purpose of charging an offense against the accused, the information would have been equally defective if it had alleged that there was no partnership in existence by that name, and had not also alleged that there was no corporation in existence by that name.

If it be assumed that the averment in the information that there is no such individual in existence as M. Howell & Co. sufficiently alleges the fictitious character of the instrument, there was no evidence in support of this averment, the only evidence of the fictitious character being that there was no such "firm" in existence. There was no evidence offered tending to show that there was no corporation or partnership by that name, or that M. Howell & Co. was in any other respect a fictitious name, or that there was no individual doing business by that name. But conceding that in common parlance the term "firm" is equivalent to "partnership," if that was the fictitious character of the instrument which the defendant was to be tried for

making and passing, it should have been so charged in the information. The charge in the information would have been as well sustained by proof that there was no corporation by that name, as by proof that there was no firm by that name. In either case the actual charge which is made in the information would not be sustained by the proofs.

The city directory, showing therefrom that this name did not appear therein, was competent for the purpose of proving that there was no such firm as M. Howell & Co. (*State* v. *Hahn*, 38 La. Ann. 169), and it was also competent to prove by the police officer that he had made inquiries for such a firm without success. (*People* v. *Sharp*, 53 Mich. 523.) The character of the directory, and the extent of the inquiries, might affect the weight, but not the competency, of the evidence. The testimony of the teller in the bank on which the check was drawn that no firm by the name of M. Howell & Co. kept or had any account in his books, was *prima facie* evidence of the fictitious character of the check. (*Rex* v. *Backler*, 5 Car. & P. 118; *Rex* v. *Brannan*, 6 Car. & P. 326; 3 Greenleaf on Evidence, sec. 109.)

The judgment and order are reversed, and cause remanded to the superior court.

GAROUTTE, J., and VAN FLEET, J., concurred.