[Crim. No. 189.   First Appellate District.—December 7, 1909.]

## THE PEOPLE, Respondent, v. DANIEL JONES, Appellant.

CRIMINAL LAW—FORGERY—PLEADING—PROOF—INDORSEMENT OF REAL OR FICTITIOUS NAME OF PAYEE OF CHECK—CONSTRUCTION OF CODE—AMENDMENT.—If it be assumed that the forged indorsement of the fictitious name of the payee of a check, with intent to defraud a genuine drawer thereof, falls within the terms of section 476 of the Penal Code, prohibiting the forgery of any "fictitious check"; yet, under the amendment of section 470 of the same code, as amended in 1905, the information may charge the forged indorsement of a check payable to a third person, without averring whether the name of the payee was real or fictitious, and without the necessity of proving whether or not the payee was a real or fictitious person.

ID.—EFFECT OF INDORSEMENT OF CHECK — "ORDER FOR PAYMENT OF MONEY."—The indorsement of the name of the payee of a check is equivalent to an "order for the payment of money" within the terms of section 470 of the Penal Code.

ID.—EVIDENCE—SCHEME TO DEFRAUD DRAWEE—APPEAL FOR CHARITABLE SUBSCRIPTION—ENTRY IN BOOK—RES GESTAE.—Evidence that defendant and another person called upon the drawer of the check for a charitable subscription to the person named as payee of the check, and represented themselves to be a committee to raise funds for him as a person in need, and exhibited other subscriptions, whereupon the drawee of the check signed such subscription-book with the amount of the check, and drew it in favor of the person designated, whose name the defendant forged, such subscription-book, found in the possession of the defendant when arrested, was admissible as part of the *res gestae* as to the procurement of the check.

ID.—GENERAL OBJECTION TO BOOK TOO BROAD.—A general objection to the admissibility of the book as tending to prove other offenses is too broad, the book being clearly relevant to the offense charged. The other entries did not tend to prove any other offenses, in the absence of evidence that the persons were defrauded, and the defendant could not be prejudiced merely by the fact of such other entries.

ID.—ARGUMENT FOR PROSECUTION—VITUPERATION—REVERSAL NOT REQUIRED.—Though the argument of the assistant district attorney, in the use of vituperative language concerning the defendant, transcended the proper limits of argument, yet it is not deemed of such a grave character as to require a reversal of the judgment. .

12 Cal. App.—**9**

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial. Wm. S. Wells, Judge.

The facts are stated in the opinion of the court.

Frank Thunen, for Appellant.

U. S. Webb, Attorney General, and J. Charles Jones, for Respondent.

KERRIGAN, J.—The defendant was tried and found guilty of the crime of forgery as charged in the information. He moved for a new trial and in arrest of judgment, which motions were denied. From the judgment and from the order denying his motion for a new trial he prosecutes this appeal.

It appears from the record that the defendant, in company with one John Lewis, on December 3, 1908, called at the place of business of Smith Bros., a corporation, and the defendant, acting as spokesman, represented that they were a committee for the collection of funds for the benefit of Walter Miller, who, they said, was either ill or had been injured. Upon this representation a check was drawn in favor of Walter Miller on the First National Bank of Oakland for the sum of $5, signed "Smith Bros. Inc. J. Frank Smith, Secretary President." Thereafter John Lewis, in the presence of the defendant, indorsed the name of Walter Miller on the back of the check and received from the Forum Cafe, a corporation, the sum of $5 in payment thereof.

One of the contentions of defendant is that it is not shown, either in the information or by proof, whether Walter Miller was a real or fictitious person.

The information is drawn under section 470 of the Penal Code, and charges that on or about December 3, 1908, the defendant, "Daniel Jones, with intent to prejudice, damage and defraud Smith Bros. Inc. . . . did unlawfully . . . make and forge a certain indorsement of said check and order by then and there falsely indorsing thereon the name of Walter Miller," etc.

Said section 470, as amended in 1905, reads as follows: "Every person who, with intent to defraud, signs the name of

another person, or of a fictitious person, knowing that he has no authority so to do, to . . . any acceptance or indorsement of any bill of exchange, promissory note, draft, order . . . or other contract for money . . . is guilty of forgery."

Section 476 provides as follows: "Every person who makes, passes or utters, or publishes, with intent to defraud any other person; or who, with like intention, attempts to pass, utter or publish . . . any fictitious bill, note or check, purporting to be the bill, note or check, or other instrument in writing for the payment of money or property, of some bank, corporation, copartnership or individual, when in fact there is not such bank . . . or individual in existence, knowing the bill . . . or other instrument in writing to be fictitious, is punishable by imprisonment in the state prison," etc.

Appellant contends that a check by reference is a fundamental part of the indorsement, and that it bears such an intimate relation to the instruments specially named in section 476 (notes, bills and checks) that it is covered by that part of the section which reads "or other instrument in writing for the payment of money"; that under the doctrine laid down in the case of *People* v. *Chretien,* 137 Cal. 450, [70 Pac. 305], the information should have been founded on section 476 instead of section 470. In that case the name of a person not in existence was forged to a deed. A deed is not included in section 476, but is set forth in section 470 as one of the instruments which may be the subject of forgery. There it was claimed that, the deed being fictitious, the defendant should have been prosecuted under section 476. The court, however, held that where an instrument uttered, issued or passed, was fictitious and mentioned in section 476, the charging paper must be laid under that section; that where, however, as in the Chretien case, the instrument is not enumerated in that section, but is named in section 470, although fictitious, the information or indictment must nevertheless be laid under section 470. And the court further held that where the charging paper is framed under section 470 it was unnecessary to allege the fictitious nature of the forged instrument.

But assuming that the act complained of here comes within section 476, still defendant's contention cannot be sustained, for after the decision in the Chretien case section 470 was amended, so that the crime of forgery may be committed

under that section by signing the name of a fictitious as well as of a real person to any of the instruments therein enumerated. The indorsement of a check is equivalent to an "order for money," and therefore is included within section 470. It seems plain to us that the case falls within that section, and it was unnecessary either to allege or prove whether or not Walter Miller was a real or fictitious individual.

When the defendant and Lewis called at the place of business of Smith Bros., Inc., and solicited a subscription for Walter Miller, the defendant handed John F. Smith, the secretary of that corporation, a certain book containing the names of individuals, firms and corporations, opposite to each of which names was written a sum of money, and also in many instances the word "paid." The secretary wrote on the third page of the book "Smith Bros. $5. Paid," returned the book to the defendant, and gave him a check payable to Walter Miller for $5. The defendant contends that the admission of this book in evidence tended to prove that he was guilty of other crimes, and that therefore its admission over his objection was prejudicial error. This book was found in the possession of the defendant at the time of his arrest, although he had tried to conceal it. The entry by Smith Bros. was clearly relevant and material as being part of the *res gestae,* relating as it did to the procurement of the check. The objection went to this part of the book as well as to the possibly inadmissible portions, and therefore it was too general, and defendant cannot now be heard to complain. Moreover, such irrelevant entries, unless supplemented by other evidence, would have no tendency to prove other offenses.

The assistant district attorney, in his closing argument, indulged in some vituperative language concerning the defendant. While we think this language transcended the proper limits of argument, still we believe it was not of such a grave character as to require the reversal of the judgment.

From the evidence it is quite clear that the defendant and Lewis were acting in concert from the beginning to the end of this transaction, and that they were fellow-conspirators.

The instructions fully and fairly covered the law applicable to the case.

The judgment and order are affirmed.

Cooper, P. J., and Hall, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 5, 1910.