STATE v. TINNIN.

No. 4173.   Decided January 5, 1925.   (232 Pac. 543.)

1. FALSE PRETENSES—CONTRACT ENTERED UNDER "FICTITIOUS" NAME VALID.   Contract entered into under fictitious name is valid, law looking at identity of individual not the name he has assumed; "fictitious" meaning feigned, imaginary, not real, counterfeit, fake, not genuine.

2. CRIMINAL LAW—CONVICTION OF FELONY, WHERE ACCUSED SIGNED FICTITIOUS NAME TO SIGHT DRAFT, SUSTAINED.   Where accused

See (1) 29 Cyc. p. 270; (2) 25 C. J. p. 592,

passed sight draft signed by fictitious name as his own, conviction for felony, under Comp. Laws 1917, § 8276, instead of for misdemeanor under section 8347, was proper.

Appeal from District Court, Second District, Weber County; *J. N. Kimball,* Judge.

*Nelson G. Tinnin* was convicted of crime of felony, and he appeals.

Affirmed.

*D. L. Oleson,* of Salt Lake City, for appellant.

*Harvey H. Cluff,* Atty. Gen., and *W. Hal. Farr,* Asst. Atty. Gen. for the State.

ERICKSON, District Judge.

In this action defendant was convicted in the district court of Weber county upon a charge of felony and sentenced to an indeterminate term in the state prison of the state of Utah from one to ten years, from which judgment of conviction and imprisonment he appeals to this court.

The information charges the defendant as follows:

"Nelson G. Tinnin, having heretofore been duly committed by D. R. Roberts, a committing magistrate of this county, to this court, to answer this charge, is accused by the district attorney of this judicial district, by this information, of the crime of felony, committed as follows, to wit:

"The said defendant, on February 18, 1924, at the county of Weber, state of Utah, did willfully, unlawfully, fraudulently, and feloniously make and pass a certain fictitious instrument in writing, purporting to be a sight draft for the payment of $320 in money, drawn on the Ogden State Bank, a banking corporation with its principal place of business in Ogden, Utah, signed by R. A. Kennedy and payable to the order of Glen Bros. Roberts Piano Company, a corporation with its principal place of business at Ogden, Utah, with the intent of him the said defendant to defraud the said Glen Bros. Roberts Piano Company, there being in existence at said time no such person as R. A. Kennedy, which the

defendant then and there well knew, and when the said defendant then and there well knew that said purported sight draft was fictitious, the same being in words and figures following, to wit:

" 'At sight pay to the order of Glen Bros. Roberts Piano Co. three hundred twenty dollars ($320.00). For value received. Write name of your bank here. To Ogden State Bank, City. Sign here: R. A. Kennedy.'

"Contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Utah."

The main and principal contention of the defendant relied upon for a reversal of this case is that the evidence in the case does not prove the offense described in section 8276 of the Compiled Laws Utah 1917, of a violation of which the defendant was convicted, and which section reads as follows:

"Every person who makes, passes, utters, or publishes, with intention to defraud any other person, or who, with the like intention, attempts to pass, utter, or publish, or who has in his possession, with like intent to utter, pass, or publish, any fictitious bill, note, or check, purporting to be the bill, note, check, or other instrument in writing for the payment of money or property of some bank, corporation, co-partnership, or individual when in fact there is no such bank, corporation, co-partnership, or individual in existence, knowing the bill, note, check, or instrument in writing to be fictitious, is punishable by imprisonment in the state prison for not less than one nor more than ten years."

Appellant contends that if any violation of law was proved at all, it could not amount to more than the offense designated in section 8347 of the said Compiled Laws Utah 1917, which reads as follows:

"Any person who, with intent to defraud, shall make or draw or utter or deliver any check, draft, or order for the payment of money upon any bank or other depositary, knowing at the time of such making, drawing, uttering, or delivery that the maker or drawer has not sufficient funds in or credit with such bank or other depositary for the payment of such check, draft, or order in full upon its presentation, shall be guilty of a misdemeanor. The making, drawing, uttering or delivering of such check, draft, or order as aforesaid shall be prima facie evidence of intent to defraud. The word 'credit' as used herein shall be construed to mean an arrangement or understanding with the bank or depositary for the payment of such check, draft or order."

The evidence in this case shows that on the 18th day of February, 1924, the defendant was introduced to one Hol-

land, an employee of Glen Bros. Roberts Piano Company of Ogden, Utah, whereupon the defendant advised Holland that he was desirous of purchasing a phonograph, after which a phonograph was purchased, valued at $310, for which he gave in payment thereof his check for $320, receiving in cash $10 out of which he expended several dollars for some sheet music. The check was signed "R. A. Kennedy" in the presence of Holland and next day presented to the Ogden State Bank for payment, which was refused because of "R. A. Kennedy" not having an account at that bank.

The evidence further shows that on the same day the defendant issued at least two other checks to Ogden merchants in payment for purchases made and signed the same name, which checks were also presented to the bank and payment refused for the same reason as given above.

Shortly after the arrest of the defendant he admitted that Kennedy was not his true name; that it was a fictitious one; that his true name was Tinnin. Also at the arraignment the record shows that defendant stated that he was being prosecuted under his true name, viz., Tinnin. The evidence also shows that he stated that he used the name of "Kennedy" because it was "handy."

We agree with defendant's statement that our section 8276 was recently adopted from the California Penal Code, § 476, enacted by California in 1872. Our is exactly the same with the exception of the penalty, which is from one to fourteen years in California, and from one to ten years in Utah. The defendant undoubtedly takes the position, as claimed by him, that no conviction under that section of law has ever been had in the state of California wherein a person signed a fictitious or assumed name to an instrument and claimed the same to be his own name.

We think there is no question but that it has been held by some authorities that an instrument supposed to be fictitious must be a false instrument, and if it is understood to be the instrument of the one who signs it, his use of a fictitious name will not make it a forgery; the credit having been given to him without regard to the name. See section 764, vol. 2, McClain on Criminal Law.

There is no question in law, either, as to a contract entered into by a person under an assumed or fictitious name being valid. The law looks to the identity of the individual, and when this is established the act is binding upon him and others, irrespective of the name he has assumed. But here we have an action where a person, as appears from the evidence, fraudulently and with intent to cheat and defraud the said Glen Bros.. Roberts Piano Company, signed a fictitious name to the check and passed it to the said company, and, as stated by himself, he used that name because it was "handy."

We agree with counsel for defendant that a person may rightfully assume a name which is not his own, as is frequently done in good faith; but in this case it appears that the defendant was a stranger at Ogden and in that vicinity, and that he evidently thought and believed and intended that by adopting and using the same fictitious name that it would enable him to prevent identification of himself later on when the fraud had been discovered, and which he undoubtedly knew would soon be discovered.

Webster defines the word "fictitious" to mean feigned; imaginary; not real; counterfeit; false; not genuine. In *People* v. *Eppinger,* 105 Cal. 36, 38 P. 538, which is a California case cited by appellant, the defendant was prosecuted under the California statute. Section 476 of the Penal Code. A reversal was had in the case because of certain allegations in the information, but the court in said case uses the following language:

"The essence of the offense created by the provisions of section 476 is the making, with an intent to defraud another, of an obligation of some 'bank, corporation, copartnership or individual,' when in fact there is no such obligor in existence."

The testimony in this case by the assistant cashier of the Ogden State Bank is to the effect that no such person as R. A. Kennedy had or kept an account at the bank upon which the check was drawn.

A careful examination of all of the authorities cited by counsel for appellant in his brief fails to show that the

conviction in this case was wrong, but, on the contrary, we hold that the statute in question was intended by the Legislature to cover just such a case as this. There was no error committed by the court in overruling and denying defendant's motion for a new trial for the reasons herein stated.

The judgment of the lower court is affirmed.

WEBER, C. J., and GIDEON, FRICK, and CHERRY, JJ., concur.

THURMAN, J., did not participate herein.