## MONCREF v. STATE*

(No. 1287; June 18, 1925; 236 Pac. 1037)

Rehearing denied October 5th, 1925.

Forgery—Indictment and Information—Motion to Quash—Criminal Law—Instructions.

1. One, making false instrument in name of fictitious person, may be prosecuted and convicted of forgery under Comp. St. 1920, § 7284, though evidence establishes fictitious character of maker and would sustain conviction under section 7291; both statutes substantially following common-law definition of forgery.

2. Failure of information for forgery to charge that name signed to check is that of fictitious person should be raised by motion to quash or objection to evidence of such fact.

3. In forgery prosecution, instruction that other checks passed by defendant, which were signed in same way and drawn on same bank, were admitted solely to show criminal knowledge, *held* not prejudicial, if erroneous in failing to inform jury that they must have been forged to be considered for any purpose, where defendant testified that he made and passed all of them for same purpose.

*See Headnotes (1) 26 C. J. p. 899 (2) 26 C. J. pp. 793, 794 (1926 Anno) (3) 17 C. J. p. 341.

Error to District Court, Natrona County; Cyrus O. Brown, Judge.

C. B. Moncref was convicted of forgery and brings error. Petition for rehearing denied October 5th, 1925 without opinion.

*E. Paul Bachellor* for plaintiff in error.

The evidence tended to prove that the checks were fictitious, such as are made the subject of forgery. Sec. 7291 C. S. The information was drawn under Sec. 7284 C. S.; if the prosecution is under 7284 C. S. the state has failed to make a case in not proving the checks to be false; or that the checks were not signed by the Refining Co., or by its authority; 26 C. J. 959; People v. Lundin (Calif.) 48 Pac.

1024; State v. Dixon (N. C.) 117 S. E. 170; State v. Swan (Kans.) 56 Pac. 750; People v. Elliott (Calif.) 27 Pac. 433; People v. Eppinger (Calif.) 36 Pac. 538; if the state relies upon its proof that the checks were fictitious, then the prosecution should have been under Sec. 7291; People v. Elliott, supra; People v. Eppinger, supra; Secs. 470-476 of the Calif. Code corresponds with our Secs. 7284 and 7291; defendant was convicted of a different offense than that charged, which was contrary to law; Fields v. Ter. 1 Wyo. 78; State v. Lowry, 29 Wyo. 267; State v. Wilson (Wyo.) 228 Pac. 803; the verdict is therefore not sustained by evidence. Evidence of other checks alleged to have been forged may not be considered until their forgery is established; 16 C. J. 598; People v. Whiteman (Cal.) 46 Pac. 99; People v. Altman (N. Y.) 42 N. E. 120; State v. Prins. (Ia.) 84 N. W. 980; instruction number 4 was prejudicial in the absence of proof that other checks introduced in evidence were forged.

*David J. Howell*, Attorney General, and *John C. Pickett*, Asst. Attorney General.

Sections 7284 and 7291 C. S. both relate to forgery; the word forgery has a well understood meaning; In re McDonald, 4 Wyo. 150; State v. DeWolfe (Nebr.) 93 N. W. 946; Smith v. State (Nebr.) 78 N. W. 1059, 16 C. J. 67; signing a fictitious name to an instrument subject to forgery constitutes forgery; 9 A. L. R. 409; Underhill on Ev. (3rd Ed.) page 872; no information will be deemed insufficient, unless it affects the substantial rights of defendants; 18 N. Y. Sup. 433; May v. U. S., 199 Fed. 42; U. S. v. Maxey, 200 Fed. 987; State v. Johnson (N. Dak.) 118 N. W. 230; People v. Emmons (Calif.) 110 Pac. 151; State v. McGee (Conn.) 72 Atl. 141; Sec. 7462 C. S. 1920; Sec. 7291 C. S. is a further definition of forgery and includes the signing of a fictitious name to an instrument capable of forgery; Santolini v. State, 6 Wyo. 110; Reed v. U. S., 299 Fed. 918; Leslie v. State, 10 Wyo. 10; the information alleges

forgery; proof of acts constituting forgery as defined by either Secs. 7284 or 7291 will sustain conviction; the situation is no different than it would be where a number of different criminal acts are described in a single Sec. People v. Fisher, Calif. App. 116 Pac. 688; Ter. v. Guiterre, 84 Pac. 525; People v. Bendit, 43 Pac. 901; State v. Wheeler, 25 Pac. 394; a defendant might be prosecuted twice under one Section, if the criminal acts were distinct; State v. Donahue (Ore.) 5 A. L. R. 1121; Wilson v. U. S., 190 Fed. 427; Huffman v. State, (Ind.) 109 N. E. 401; defendant by not requesting an instruction, that the jury should not consider other checks as evidence of guilty knowledge unless the jury found them to be forgeries, waived objection to instruction number 4; Gardner v. U. S. 230 Fed. 575; Steers v. U. S., 192 Fed. 1; L. & N. R. R. Co. v. Wright, 210 S. W. 184; Brantley v. State, 9 Wyo. 102; Long v. State, 15 Wyo. 262; but defendant was not prejudiced either way. The evidence of the prosecution tended to show that the Refinery Co. did not exist.

KIMBALL, Justice.

This is a proceeding in error to review a judgment of conviction of forgery on an information charging that the defendant did "wilfully and unlawfully and maliciously, feloniously and falsely make, alter, forge and counterfeit a certain bank check for the payment of money, which said false, altered and forged and counterfeit bank check is in words and figures as follows: [here the check is set forth *in haec verba*], with intent to damage and defraud." The check purports to be drawn by "Refinery Const. Co., by H. G. Howard."

Section 7284, Wyo. C. S. 1920, provides that:

"Every person who shall falsely make, alter, forge or counterfeit any  *  *  *  check  *  *  *  for the payment of money  *  *  *, with intent to damage or defraud any person  *  *  *  shall be deemed guilty of forgery,

and upon conviction thereof shall be punished by confinement in the penitentiary for a term not more than fourteen years.''

Section 7291 provides that:

''Every person who shall make, pass, utter or publish, with intent to defraud any person * * * any fictitious * * * check, purporting to be the * * * check * * * of some bank, corporation, copartnership or individual, when, in fact, there shall be no such bank, corporation, copartnership or individual in existence, the said person knowing the * * * check * * * to be fictitious, shall be deemed guilty of the crime of forgery, and, on conviction thereof shall be punished by confinement in the penitentiary for not more than fourteen years.''

The information is drawn under section 7284, and there is no contention that it is not sufficient to charge the crime of forgery under that section.

It is conceded that there was evidence to prove that the defendant made the check set forth in the information and passed it for value to the prosecuting witness; that the Refinery Construction Company, the purported drawer of the check, had no account in the bank on which the check was drawn, and that the Refinery Construction Company was a fictitious company and H. G. Howard a fictitious individual. There can be no doubt that these facts, together with the surrounding circumstances shown by the evidence, justified the jury in finding that the check was false and made with the intention to damage and defraud the prosecuting witness to whom it was passed.

It is contended that the evidence, though sufficient to prove defendant guilty of forgery under section 7291, is insufficient to support the charge under section 7284. The authorities relied on are decision in California where sections 470 and 476 of the Penal Code are similar to our sections 7284 and 7291, respectively. The California courts

held until 1905 that in a prosecution under section 470 a conviction could not be sustained by evidence showing that the instrument was a fictitious bill, note or check as described in section 476, but that the prosecution in such a case must be under the latter section. People v. Elliott, 90 Calif. 586, 27 Pac. 433; People v. Eppinger, 105 Calif. 36, 38 Pac. 538; People v. Terrill, 133 Calif. 120, 65 Pac. 303; People v. Creitien, 137 Calif. 450, 70 Pac. 305. When these cases were decided, section 470 of the California Penal Code contained no specific mention of fictitious instruments. Thereafter, in 1905, section 470 was amended. The amendment made the section read as follows:

"Every person who, with intent to defraud, signs the name of another person, or of a fictitious person, knowing that he has no authority so to do, to, or falsely makes, alters, forges or counterfeits," etc.

Section 476 has not been amended, but stands as it was when the rule above mentioned was followed.

Since the amendment of section 470 in 1905 it is held in California not only that forgery by signing a fictitious name may be prosecuted under Section 470, but also that the information in such a prosecution need not allege that the name signed is that of a fictitious person. People v. Jones, 12 Calif. App. 129, 106 Pac. 724; People v. Whitaker, (Cal. App.) 228 Pac. 376. It was said in People v. Jones, supra, that as the case fell within Section 470, "it was unnecessary either to allege or prove whether or not Walter Miller was a real or fictitious person."

Thus it seems that section 470 of the Penal Code of California, as amended and thereafter construed, is broad enough to include the matters mentioned in section 476. One who makes a false instrument in the name of a fictitious person may be prosecuted under either section and, if under the former, the information need not allege facts to show that the prosecution might have been under the latter.

This rule is in harmony with the common law, and seems to us calculated to promote the ends of justice. The application of the rule of the earlier California cases to our sections 7284 and 7291 would not serve to protect any substantial right of the defendant. The purpose of the information is to give the defendant fair notice of the nature of the case he is to meet and to furnish a sufficient basis for an appropriate verdict and judgment that will protect the defendant from a further prosecution for the same offense. Where, as in the case at bar, the information sets forth in full the check claimed by the state to have been forged with sufficient allegations to show that it is false and made with the intent to defraud, the further allegation as to the fictitious character of the maker of the check would seem only to introduce into the case an immaterial issue.

Sections 7284 and 7291 Wyo. C. S. 1920 were enacted in 1869 as Sections 54 and 61, respectively, of Chapter 3, Laws 1869. At that time it had been settled for more than a century (at least since the case of Rex v. Bolland, 1 Leach C. L. 83, 2 East P. C. 958, decided in 1772, that the false making with intent to defraud of an instrument in the name of a fictitious person was forgery at common law, and under the usual statutory definitions of that crime. Lyman v. State, 136 Md. 40, 109 Atl. 548, and note thereto 9 A. L. R. 407. Section 7284, contains a definition of forgery intended no doubt to include those things that were held to be forgery at common law, and certainly broad enough to embrace the matters mentioned in Section 7291. Forgery, as described in Section 7284, is punishable by imprisonment for a term of not more than 14 years. The acts described in section 7291 are also declared to be forgery and the punishment is the same as under section 7284. Section 476 of the California Penal Code does not use the word "forgery," and for a time at least it was thought that the proper designation of the offense under that section was "making, uttering and passing a fictitious check," etc. People v. Eppinger, 109 Calif. 294, 38 Pac. 538. As the offense described in our sec-

tion 7291 was forgery at common law and also under section 7284 it is of course not clear what purpose was intended by the legislature to be accomplished by section 7291. It is not uncommon, however, to find in criminal statutes a multiplicity of definitions of forgery, although the common law definition would include them all. Bishop on Crim. Law (9th ed.) Sec. 548. In view of the common law on the subject, we do not believe that section 7291 was intended to describe a crime distinct from forgery as defined at common law and by section 7284. We think it is not material that the two sections are not one. If they were, it might still be insisted that the information should disclose whether the name forged is that of a real or fictitious person. That contention might be disposed of on the authority of the later decisions in California cited supra. At any rate, the question ought to be raised in some appropriate manner in the trial court. If the information is thought to be indefinite in not charging whether the name is that of a real or of a fictitious person, the question should be raised by a motion to quash. If the defendant is of opinion that he is charged with forging the name of a real person, and thinks he will be prejudiced by a variance, he should object to the evidence offered for the purpose of proving that the name is that of a fictitious person. Neither of these courses was resorted to in this case. There was no objection to the information nor to the evidence tending to show that the purported drawer of the check had no existence.

It is well settled, we think, that the information charging forgery at common law or under statutes which follow substantially the common law definition, need not contain a statement that the name signed to the forged instrument is that of a fictitious person. Leslie v. State, 10 Wyo. 10, 25, 65 Pac. 849, 69 P. 2; Williams v. State, 126 Ala. 50, 28 So. 632; Johnson v. State, 35 Tex. Cr. R. 271, 33 S. W. 231; People v. Warner, 104 Mich. 337, 62 N. W. 405; State v. Larson, 39 S. Dak. 120, 163 N. W. 566; State v. Stegner, 276 Mo. 427, 207 S. W. 826. The last case is peculiarly in

point. In Missouri, as in this state, there is a general statute denouncing forgery, and another statute for the punishment of the false making or forging of any pecuniary obligation to which shall be affixed a fictitious name. While it is held (State v. Minton, 116 Mo. 605, 22 S. W. 808) that, in a prosecution under the last mentioned section, the information must allege that the fictitious name was affixed to the instrument, it is held in State v. Stegner, that in a prosecution under the general forgery statute the state can make out a case by showing that the instrument was one of those included among those instruments described in the other section.

We are therefore of the opinion that the charge under section 7284 in the case at bar was sustained by the evidence, and the defendant has no reason to complain that he should have been prosecuted under section 7291.

Besides the check set forth in the information, the state introduced evidence of several other checks made and passed by defendant on the same day. It is not claimed that these other checks were not admissible for the purpose of showing the criminal intent, but it is claimed that the instruction which the court gave with reference thereto, was erroneous. That instruction is as follows:

"You are instructed that all other checks introduced in evidence, claimed to have been passed by the defendant, other than the one charged in the information, were permitted to be introduced for the sole purpose of showing the criminal knowledge of the defendant. You are instructed that you cannot find the defendant guilty of forgery of any check, except the one charged in the information in this case."

The alleged error is that the instruction fails to inform the jury that they must believe that the other checks were forged before they should consider them for any purpose. The check set forth in the information and all the other checks

were signed in the same way and drawn on the same bank. The defendant testified that he made and passed all of them and that they were all made and passed for the same purpose. In these circumstances, if the instruction was erroneous, it was not prejudicial.

The judgment of the district court will be affirmed.

*Affirmed.*

POTTER, Ch. J., and BLUME, J., concur.