[Crim. No. 2044. Second Appellate District, Division One.—April 8, 1931.]

THE PEOPLE, Respondent, v. HENRY COHEN, Appellant.

Irwin H. Roth for Appellant.

U. S. Webb, Attorney-General, and John D. Richer, Deputy Attorney-General, for Respondent.

BISHOP, J., *pro tem.*—We are of the opinion that the judgments and the order denying a motion for a new trial should be affirmed. Appellant was charged in four counts

with having forged and passed as many checks. ▮ His first contention is that an information based upon section 470 of the Penal Code is insufficient to support a conviction where it appears that the drawer of the forged instrument is a fictitious character. Since the amendment of 1905 to section 470, this contention is no longer tenable. (*People* v. *Gayle*, (1927) 202 Cal. 159 [259 Pac. 750], citing *People* v. *Whitaker*, (1924) 68 Cal. App. 7 [228 Pac. 376], *People* v. *Lucas*, (1924) 67 Cal. App. 452 [227 Pac. 709], and *People* v. *Jones*, (1909) 12 Cal. App. 129 [106 Pac. 724].) The information in *People* v. *Lucas* was in substance that found in each of the four counts in the instant case. (See, also, *People* v. *Winthrop*, (1928) 88 Cal. App. 591 [264 Pac. 263], *People* v. *Carmona*, (1926) 80 Cal. App. 159 [251 Pac. 315], and *People* v. *Bernard*, (1913) 21 Cal. App. 56 [130 Pac. 1063].)

▮ There was evidence that the names appended to the four checks had no accounts in the banks upon which the checks were drawn. This constituted *prima facie* proof that the names were those of fictitious persons. (*People* v. *Eppinger*, (1894) 106 Cal. 36 [38 Pac. 538]; *People* v. *Thal*, (1923) 61 Cal. App. 48 [214 Pac. 296]; *People* v. *Carmona, supra; People* v. *Roche*, (1925) 74 Cal. App. 556 [241 Pac. 279].) ▮ With respect to the check described in count I, the testimony that there was no account in the name of the maker was somewhat uncertain. With respect to the check set forth in count III, there was direct testimony that a person by the name of L. Porter worked for appellant during the time the checks were passed. As to these two checks it is contended, therefore, that the *prima facie* case of fictitious maker is lacking. However, there was ample evidence to warrant the jury in concluding that these two checks were the handiwork of the appellant himself. A police officer with experience as a handwriting expert so testified. The defendant himself admitted on the stand that the face of the second check appeared to be in his handwriting with the exception of the "L. Porter"; and that he did not deny having written, contenting himself with a negative answer to the question "Does that appear to be in your writing?" Nor did he deny having written the face of the first check. In the premises

counts I and III were proven whether the purported makers were or were not shown to be fictitious persons. See cases first cited.

The two remaining checks purport to be made by "F. B. Porter". There is no evidence weakening the *prima facie* case of fictitious maker which was made by showing that there was no account in this name. in the bank on which the checks were drawn, and no such name in the city directory. Appellant's own testimony is full of uncertainties, and does not attempt to account for an "F. B." Porter as distinguished from "L." Porter, of whose existence there was testimony; and his credibility as a witness was further wrecked .by admitting he had a record of three felony convictions. We conclude that the evidence is sufficient to support the judgments on all counts.

The remaining grounds of appeal may be quickly disposed of. ▇ The objection that the trial court interrupted counsel in the middle of a question and further permitted improper questions dealing with the history of the appellant as an offender against the law is answered by the fact that, with one exception, no attempt was made in the trial court to object to the matters now complained of. A party cannot on appeal rely on errors or irregularities whose consequences could have been avoided by timely protest to the trial court, when he remains silent at the trial. (8 Cal. Jur. 498 et seq.) ▇ The one exception to appellant's silence was in connection with the cross-examination of a witness introduced by appellant and examined by him as to the reputation for honesty appellant enjoyed. Objection was made to the question on cross-examination, "[Did you hear] that in 1928 he was also charged with vagrancy?", but the objection was placed on the ground that "Those are not felonies." Obviously, the cross-examination of a character witness concerning conduct out of tune with the reputation reported is not limited to felonies, but may go to any matter inconsistent with the reputation. An objection based on faulty ground cannot stand. (*People* v. *Hewitt*, (1926) 78 Cal. App. 426, 435 [248 Pac. 1021].) In any event the answer given was "No" and no prejudice was suffered. (*People* v. *Sieber*, (1927) 201 Cal. 341 [257 Pac. 64].)

No error prejudicial to the rights of the appellant appearing, the order denying the motion for a new trial and the judgments are affirmed.

Houser, Acting P. J., and York, J., concurred.