State vs. Hahn.

## No. 9562.

THE STATE OF LOUISIANA VS. F. S. HAHN, *alias* F. HAHN, *alias* MEYER.

Where the name forged to an instrument is, or is supposed to be, fictitious, and not the name of any real person, and inquiry is to be made of the residence or existence of such person, it is proper to call the police officers or other persons well acquainted with the place where this person is supposed to live, or is sa'd to live, in order to show whether he does live there. And even if inquiries have been made in the place by a stranger, his testimony as to the fact of inquiry and the result of it is admissible, though it may not be satisfactory proof of the non-existence of the person in question.

If the forged name be that of a fictitious instead of a real person, the offense of forgery is complete if the instrument has the appearance of being valid on its face.

By our statute the trial judge is expressly forbidden to give the jury in a criminal case any opinion as to what facts have been proved or disproved.

Where the forgery is of a fictitious name, it would be error to charge the jury that there must be some evidence of similitude to the signature of a real person, because when there is no original there can be no similitude.

It is not necessary to prove that an accused forged an instrument in order to constitute the crime of uttering or publishing a forged instrument. The two offenses are distinct.

To constitute the crime of uttering a forged instrument, it is not essential that a fraud has been actually perpetrated by it. It is sufficient that there is the intent to defraud, and this intent may be inferentially proved.

A PPEAL from the Criminal District Court for the Parish of Orleans. *Baker,* J.

*M. J. Cunningham,* Attorney General, and *Lionel Adams,* District Attorney, for the State, Appellee:

1. Where the prisoner was acquitted of the charge of forgery, it is unnecessary to determine whether evidence to establish his connection with the forgery was improperly

11

State vs. Hahn.

admitted    The remedial interposition of courts in granting new trials is wholly for the benefit of parties, and not to compel the good conduct of judges.  3 Gra. & Wat. on N. T. 717; 2 Caines, 85; 3 Gilm. 202; 2 Tenn.' R. 5; 9 Cowan, 680; 1 Scam. 18; 1 Gilm. 475; 2 Ib. 185; 11 Conn. 342; Greenl. R. 442; 4 Day, 42; 10 Ga. 429; 1 Brev. 109; 7 Wend. 79; 1 Neo. & Man. 598; 4 B. Monroe, 386; 24 Vt. 252.

2.  On a trial for uttering and publishing a forged check, evidence is admissible (to show the *scienter*) that another check passed by defendant was a forgery.  1 Greenl. on Ev. § 111; Ros. Cr. Ev. (6 Am. ed ) pp. 88, 89, 90, 91; Whart. Cr. Ev. §§ 39, 40, 42; Whart. Cr. Law, § 1733 (8 ed.); Taylor on Evidence, § 322.

3.  It was competent to prove that " J. L. Miller " was a fictitious person by establishing that no person of the name kept an account or had funds or credit in the bank upon which the check was drawn.  3 Greenl. § 109; 5 C. & P. 118; 49 Ala. 16.  The City Directory, when offered in evidence, would permit it to be established whether in it appeared the name of " J. L. Muller."  When inquiries are made as to the existence of any supposed party to a forged instrument, it is usual to call police officers or other persons well acquainted with the place and its inhabitants, and if inquiries have been made in the place by a stranger, his testimony as to the fact and its results is admissible to the jury.  3 Greenl. on Ev. § 109.

4    The expression of any opinion by the district judge, as to what facts were proved or disproved, is expressly prohibited.  R. S. sec. 991; 11 Ann. 395, 535; 12 Ann. 195; 10 Ann. 271, 799; 15 Ann 498; 22 Ann. 43; 30 Ann. 49.

5.  Where the forged writing is not of a nature to be familiar to the public, or to the particular individual to be defrauded, the rule of similitude cannot prevail.  If a fictitious name be forged, there can be no similitude, since there was no original.  2 Bish. Cr. Law § 593. .

6.  To constitute the offense of uttering, it is in no case requisite to show that the defendant had been implicated in the forgery.  R. S. sec. 833; 1 Whart. Cr. Law (8th ed.), § 712.

7.  Where the appellate court has jurisdiction over questions of fact, it will not grant a new trial: (1) unless the whole of the evidence is shown in the record; (2) unless there be a great preponderance of evidence against the verdict.  3 Gra & Wat. N. T. 1230, 1213, *et seq.*

At common law, the trial court alone has authority to grant new trials.  In most of the States, however, provision is made for a revision by the appellate court, where the evidence is either heard anew *verbatim*, or that heard at the trial is brought up as taken down by the stenographer, or as contained in the trial court notes and those of the counsel on both sides.  Whart. Cr. Pl. and Pr. § 897.

In this State, the jurisdiction of the Supreme Court is restricted to questions of law only.  Const. Art. —.  And an unmixed question of fact is an insuperable objection to the exercise of that jurisdiction.  4 Ann. 438; 6 Ann. 311, 593, 651; 7 Ann. 47, 122, 531; 8 Ann. 114; 10 Ann. 501; 14 Ann, 79, 673, 785; 26 Ann. 383; 20 Ann. 236; 23 Ann. 149; 22 Ann. 9; 35 Ann. 854.

8.  The uttering of a forged instrument, the forgery of which is *only a forgery at common law*, is an offense even in England, although no fraud was actually perpetrated.  It is only requisite that there should be an intent to defraud, which is to be inferentially proved,  1 Whart. Cr. Law (8th ed.), § 705.

9.  Although the person whose instrument purports to be is a mere fictitious person, yet, if the instrument appear valid upon its face, the offense is complete.  2 Bish. Cr. Law, § 543; 1 Whart. Cr. Law, § 660; 3 Greenl. on Ev. §§ 103, 109.

Defendant and Appellant *in propria persona.*

The opinion of the Court was delivered by

MANNING, J.    The defendant was prosecuted on an information containing two counts: 1st, for forgery; 2d, for publishing as true a forged order for the payment of money, and upon conviction on the second count was sentenced to imprisonment at hard labor for five years.   He has appealed, and relies upon eight bills of exception for reversal.

The instrument charged to have been forged or published is as follows:

No. 302.                          NEW ORLEANS, February 18, 1885.

Germania National Bank—Pay to the order of F. Hahn, twenty-five dollars.

$25 00.                                      J. L. MULLER.

Endorsed—F. HAHN.

1st.   The prosecutor offered in evidence an affidavit signed by the prisoner and made by him *in forma pauperis* in the earlier stage of the proceedings, in order to show that the signer of the affidavit was also the signer of the forged cheque.   He also offered in evidence another cheque on the same bank, payable to bearer, and signed Rudolp Schaad, upon which the prisoner had obtained money from one Williams.

The affidavit was objected to because it "was a part of the record of the court and required no proof," and the Schaad check was objected to as "irrelevant, immaterial and inadmissible."

As the prisoner was acquitted of the charge of forgery, and the evidence offered had for its object to sustain that charge, the objections need not be considered.

2d.   Experts in handwriting were examined to prove that the blanks of the Muller and Schaad cheques for date, amount, etc., were filled by the same person who wrote the signature to the affidavit *in forma pauperis*, and the same objection of irrelevancy, etc., was made, and the same disposition is made of it as of the first bill.   The conviction is not of forgery.

3d and 4th.   Portions of the City Directory were offered to show that no such person as J. L. Muller is mentioned therein, and was objected to on the ground of irrelevancy, and further because Muller had not been represented to be a resident of New Orleans.   Two detectives were also offered to prove that they could not find that Muller was or had been here.

The prosecutor's belief was that Muller was a fictitious person.   The cashier of the Germania Bank testified that no person of that name kept an account there.   This was *prima facie* proof that Muller was not

a real person until the prisoner should produce him or give other proof of his existence.  3 Greenleaf Ev. § 111.  The court, in permitting the introduction of the Directory, warned the jury that it could show no more than that Muller's name was not in it; and Greenleaf says where inquiries are to be made in regard to the residence or existence of any supposed party to a forged instrument, it is proper and usual to call the police officers, penny postman, or other persons well acquainted with the place and its inhabitants, but if inquiries have been made in the place by a stranger, his testimony as to the fact and its results is admissible to the jury though it may not be satisfactory proof of the non-existence of the person in question.  Ibid, § 109.

We do not perceive the importance of establishing that Muller was a fictitious instead of a real person, since, if the former, the offense is complete when the instrument has the appearance of validity on its face.  3 Greenl Ev. §§ 103, 109; 1 Whart. Cr. Law, § 660; 2 Bishop Cr. Law, § 543.  But we are reviewing the bills as we find them.

5th.  This bill is to the charge of the judge and is that the court erred in not charging the jury, when requested by the defendant, that there was no resemblance or imitation of the handwriting of J. L. Muller proved by the prosecution, and without some proof of that fact there was no forgery.

The trial judge is expressly prohibited from giving the jury any opinion as to what facts have been proved or disproved, and he was but mindful of this prohibition in withholding such charge.

6th.  Another objection to the charge is that the court erred in failing to charge the jury that there must be some evidence which should show that the cheque purporting to have been signed by Muller had been so altered, made or forged by the defendant as to deceive by its resemblance, that there was no such evidence and therefore no forgery.

Again we observe the court could not say anything about the facts or the proof of them, but the legal principle asked to be charged is not correct.  Where the forgery is of a fictitious name, there can be no similitude because there is no original, and therefore the rule of similitude cannot obtain where the forged instrument is of that kind.  2 Bish. Cr. Law, § 593.

7th.  It is complained that the court erred in not charging the jury that the only evidence of forgery, if any, is the evidence of the experts, and by that evidence either the defendant forged the cheque or no one did, and should they find that the defendant did not forge it they must find a verdict for the defendant on both counts.

·· The simple answer to this is, that to constitute the offense of utter-ing a forged instrument it is not necessary to prove that the defendant had forged it.   1 Whart. Cr. Law, § 712.

8th. This bill merely recites that the court denied the prisoner's mo-tion for a new trial based on the usual allegation that the verdict was contrary to the law and the evidence.

It is beyond our province to say whether the evidence was sufficient to justify a conviction.   The trial judge refused to disturb the verdict, and we find no errors of law in his rulings.   The contention that the uttering of a forged instrument is no offense unless some fraud has been actually perpetrated by it, which in an earlier edition of Dr. Wharton's book was said to be the case of instruments, the forgery of which is only a forgery at common law, has been silenced by the with-drawal of that dictum in a later edition, where it is said that principle seems no longer to be the law, the intent to defraud being sufficient, and this intent may be inferentially proved.   1 Whart. Cr. Law, § 705, 8th ed.

Judgment affirmed.