ADELIA R. WALDRON, Executrix,

*vs.*

HENRY A. PRIEST.

Kennebec.    Opinion December 12, 1901.

*Evidence.    Account Books.    Docket.*

In an action by an executrix to recover for professional services rendered to the defendant by her testator, a lawyer, the plaintiff, called as a witness to prove the books of account of her testator, may be asked whether she found the charges against the defendant in the account book which are the foundation of the account annexed to the writ.

Such an inquiry of the witness is merely introductory, not for the purpose of showing what the charges are, but simply to call the attention of the witness to the particular charges in question that they may be pointed out to the jury, or read from the book after it has been put in evidence.

The witness may also be asked whether she found any credits upon the books against the charges. The court, in the exercise of its discretion, may allow any witness who has examined the book to testify whether it contains any other entry, debit or credit, in favor of or against the defendant.

This inquiry is only for the purpose of obtaining a reply in the negative, a matter of convenience merely and to prevent the necessity of an examination of the whole book, which defendant's counsel has a right to make, if not satisfied with the answer.

It is the well-settled and long-adhered to rule in this state not to allow a money charge of more than forty shillings, $6.67, to be proved by a book account as independent evidence.

The defendant, also a lawyer, offered in evidence his office docket which contained this memorandum: "Nov. 18, 1896, paid F. A. W. $25.00 which settles to date as per agreement." This book and certain inquiries relating to the time when the entry was made were excluded by the court. *Held;* that the rulings are right. The entry was not a charge of goods delivered, or services rendered, which for the purpose of preventing a failure of justice is admitted in evidence as an exception to the general rule. It was merely a memorandum made for the defendant's convenience and such an entry or memorandum is not admissible in evidence.

Exceptions by defendant.  Overruled.

Assumpsit on account annexed to recover for professional services rendered by an attorney at law.  The action was brought by the executrix of his will.  The case appears in the opinion.

*H. D. Eaton,* for plaintiff.

*W. C. Philbrook,* for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, FOG-LER, POWERS, JJ.

WISWELL, C. J.   Action of assumpsit by an executrix to recover for professional services rendered by her testator, a lawyer.

The plaintiff was called as a witness to prove the books of account of her testator and in the course of her examination was asked, subject to objection, if she found in the account book charges against the defendant which were the foundation of the account annexed to the writ, to which she replied in effect that she did find such charges. She was also asked, subject to objection, if she found upon the book any credits against these charges, to which she replied that she did not.   This account book, referred to in the inquiries, having been duly proved was offered and admitted in evidence.

There was no error in admitting these questions and answers. The first inquiry as to whether she found upon the account book charges against the defendant which were the foundation of the account sued, was merely introductory, not for the purpose of showing what they were, but simply to call the attention of the witness to the particular charges in question, that .they might be pointed out to the jury, or read from the book, after the book had been put in evidence.   The account book itself showed what the charges were.

The next inquiry was only for the purpose of obtaining a reply in the negative. It was perfectly proper for the court, in the exercise of its discretion, to allow any witness, who had examined the book, to testify that it did not contain any other entry, debit or credit, in favor or against the defendant. This was merely a matter of convenience and might prevent the necessity of an examination of the whole book, which however the defendant's counsel had a right to make if he was not satisfied with the answer.

The defendant, also a lawyer, offered his office docket which contained this memorandum: "Nov. 18, 1896, Paid F. A. Waldron, $25.00 which settles to date as per agreement." This book and certain inquiries in relation to the time when the entry was made were excluded subject to the defendant's exceptions. The rulings were right. The entry was not a charge of goods delivered or services rendered which, for the purpose of preventing a failure of justice, is admitted in evidence as an exception to the general rule. It was merely a memorandum made for the defendant's convenience. Such an entry or memorandum is not admissible in evidence. *Lapham* v. *Kelly*, 35 Vt. 195.

Again, the well-settled and long-adhered to rule in this state does not allow a money charge of more than forty shillings, $6.67, to be proved by a book account as independent evidence. The defendant's book being inadmissible in evidence, inquiries in relation thereto were immaterial.

*Exceptions overruled.*