[Criminal No. 609. Filed January 24, 1925.]

[232 Pac. 875.].

## J. F. MINER, Appellant, v. STATE, Respondent.

1. CRIMINAL LAW—PAROL EVIDENCE THAT BANK'S BOOKS DID NOT CONTAIN ACCOUNT IN NAME OF PURPORTED MAKER OF CHECK HELD COMPETENT.—In prosecution for obtaining money by means of a bogus check, testimony of cashier of bank upon which check was drawn that bank's books did not contain an account in name of purported maker of check *held* competent.

2. CRIMINAL LAW—CITY DIRECTORY HELD COMPETENT TO SHOW THAT NAME OF PURPORTED MAKER OF CHECK DID NOT APPEAR THEREIN. In prosecution for obtaining money by means of a bogus check, a city directory *held* competent to show that name of purported maker of check did not appear therein, though it was not conclusive of question of his existence; any objection to admission of directory only going to its weight and not its competency.

3. CRIMINAL LAW—TESTIMONY HELD PRIMA FACIE PROOF THAT PURPORTED MAKER OF CHECK WAS A FICTITIOUS PERSON. — In prosecution for obtaining money by means of a bogus check, testimony of several peace officers that they knew of no one of the name of the purported maker, and fact that records of bank upon which check drawn showed that no person of such name carried an account, was sufficient. *prima facie* proof that he was a fictitious person.

4. CRIMINAL LAW—MOTION IN ARREST OF JUDGMENT BASED ON INSUFFICIENCY OF VERDICT PROPERLY OVERRULED.—A motion in arrest of judgment, being, under Penal Code of 1913, sections 980, 1110, in effect a demurrer to indictment or information, and demur-

———

4. See 8 R. C. L. 228.

rer being directed only to matters appearing on face of indictment or information, a motion in arrest, based upon insufficiency of verdict, cannot be sustained.

See (1) 16 **C. J.**, p. 615 (1926 Anno.). (2) 16 **C. J.**, p. 562. (3) 16 **C. J.**, p. 761 (1926 Anno.). (4) 16 **C. J.**, pp. 1252 (1926 Anno.), 1262.

APPEAL from a judgment of the Superior Court of the County of Maricopa. M. T. Phelps, Judge. Affirmed.

Mr. Thomas J. Croaff, for Appellant.

Mr. John W. Murphy, Attorney General, Mr. A. R. Lynch, Mr. Earl Anderson and Mr. E. W. Mc-Farland, Assistant Attorneys General, and Mr. C. R. Lynch, Special Counsel, for the State.

McALISTER, C. J.—Appellant was convicted of the crime of obtaining money by means of a bogus check and sentenced to a term in the state prison. He appeals from this judgment and sentence as well as from the orders overruling his motion for a new trial and refusing to arrest the judgment.

The information charges in proper form that with the intent to defraud one John T. George, appellant uttered and passed to him a check purporting to be the genuine check of one Jim Boock, and that by means thereof he obtained from the said John T. George $7 in money. The check, it further appears from the information, was bogus and not genuine because "there was no such person and individual in existence as Jim Boock, the purported maker of said check, as he, the said J. F. Miner, then and there well knew."

The first three of the four errors assigned are based upon the admission of evidence tending to show that there was no such person as Jim Boock. The

check was drawn on the Phoenix National Bank and D. R. Laird, an assistant cashier of that bank, was permitted to testify over the objection of appellant that there was no account in that bank in the name of Jim Boock when the check was drawn and presented. Appellant objected to this testimony upon the ground that the books were the best evidence; his contention being that the general rule regarding best and secondary evidence as applied to books of account should be invoked. The state, however, was not seeking to prove the contents of an account appearing in the books of the bank but rather a negative fact; that is, that these books did not contain an account in the name of the purported maker of the check, Jim Boock. Hence it was clearly proper for the state to show by the parol testimony of the chief clerk or bookkeeper having charge of the books in which all such accounts were carried that they did not contain one of this description. He was familiar with their contents, and could within a few moments time run through that portion of them containing the accounts of its depositors and ascertain if the one in question was there, and, when he had learned from such examination that it was not, no reason appears why he should not have been permitted to testify to that fact just as he would have been allowed to state the opposite if it had been true. To have required that the books be brought into court and examined by him in the presence of the jury would have added nothing to his statement of this negative fact, nor would the inspection of them by that body have enabled it to determine anything further, since neither the parties nor the court were concerned in what the books did contain; their interest being rather in the fact that they failed to contain a particular thing. "It has been held," says 22 C. J. 989, "that parol evidence is admissible to show that a particular fact

does not appear in a book, or to show whether or not certain books contained a certain entry; and the rule is also subject to qualification where it is necessary to prove the results of the examination of voluminous books." *Waldron* v. *Priest,* 96 Me. 36, 51 Atl. 235.

In *Moore* v. *State,* 87 Tex. Cr. 77, 219 S. W. 1097, the defendant was prosecuted for the crime of swindling committed by drawing and giving a check, in payment for automobile tires, on a bank in which he had no funds. The trial court permitted the assistant cashier of the bank to testify, without having its books present, that no such person as J. I. Blocker, the purported drawer of the check, had an account in the bank at the time in question, and this ruling was held to be proper. In *State* v. *Williams,* 46 Nev. 263, 210 Pac. 995, the assistant auditor of a bank, having stated that it was his duty to ascertain who had funds or credits in the bank on which to draw checks, and that he had examined the records to learn if the person whose name was signed to the check as maker, R. J. Dawson, had an account at said bank, was permitted to testify in a prosecution for forgery that he did not. This might be established, the court said, "by a witness who is familiar with the books, and has examined the same with the view of ascertaining the fact."

Walter Norris, court bailiff, identified a city directory of Phoenix for 1923 as the latest one they had in the courthouse, but stated he did not know its author. Over appellant's objection that it was incompetent, it was received in evidence for the sole purpose of showing that the name of Jim Boock did not appear therein. There was no error in this ruling, for all the directory could possibly have shown relative to his existence was that it did not contain his name, though this fact was by no means conclusive of the question of his existence. Any

objection to its admission, however, could have gone only to its weight and not to its competency. As said by the court in *State* v. *Hahn*, 38 La. Ann. 169:

"The court in permitting the introduction of the directory warned the jury that it could show no more than that Muller's name was not in it; and Greenleaf says, where inquires are to be made in regard to the residence or existence of any supposed party to a forged instrument, it is proper and usual to call the police officers, penny postman, or other persons well acquainted with the place and its inhabitants, but, if inquiries have been made in the place by a stranger, his testimony as to the fact and its results is admissible to the jury, though it may not be satisfactory proof of the nonexistence of the person in question."

In *People* v. *Eppinger,* 105 Cal. 36, 38 Pac. 538, the court used this language in discussing the admission of a city directory to show that there was no such person or firm in the city of San Francisco as the alleged maker of a forged check:

"The city directory, showing therefrom that this name did not appear therein, was competent for the purpose of proving that there was no such firm as M. Howell & Co. (*State* v. *Hahn,* 38 La. Ann. 169), and it was also competent to prove by the police officer that he had made inquiries for such a firm without success (*People* v. *Sharp,* 53 Mich. 523, 19 N. W. 168). The character of the directory, and the extent of the inquiries, might affect the weight, but not the competency, of the evidence."

Appellant contends that the refusal to grant his motion for a directed verdict made at the conclusion of the state's evidence was error because no attempt to locate a person by the name of Jim Boock was shown and no one swore to the nonexistence of such an individual. This assignment is without merit. Several peace officers in the city testified that they knew of no one by that name, and the fact that the records of the bank showed that no person by the

name of Jim Boock carried an account there was sufficient *prima facie* proof that he was a fictitious person. In *State* v. *Hahn, supra,* the court, after stating that the cashier of the bank on which the check was drawn swore that no person by the name of its maker carried an account there, said:

"This was *prima facie* proof that Muller was not a real person until the prisoner should produce him or give other proof of his existence. 3 Greenleaf, Ev., § 111."

And in *People* v. *Eppinger, supra,* the court said:

"The testimony of the teller in the bank on which the check was drawn that no firm by the name of M. Howell & Co. kept or had any account in his books was *prima facie* evidence of the fictitious character of the check."

Appellant moved for an arrest of the judgment upon the insufficiency of the verdict which was in these words:

"We, the jury, duly impaneled and sworn in the above-entitled action, upon our oaths, do find the defendant guilty of obtaining money by bogus check."

The motion was overruled, and its denial is the fourth error assigned. Under section 1110 of the Penal Code, Revised Statutes of 1913, a motion in arrest of judgment "may be founded on any of the defects in the indictment or information mentioned in section 980 of this Code, unless the objection has been waived by failure to demur, and must be made before or at the time the defendant is called for judgment." By referring to section 980, it will be observed that no one of the five grounds upon which a defendant may demur to an indictment or information contains any reference whatever to the verdict or the form thereof, and in fact could not, since such a demurrer is directed to matters appearing upon the

face of the information or indictment. In *People* v. *Wilbur,* 33 Cal. App. 511, 165 Pac. 729, the Court of Appeal of California used this language in reference to section 1185 of the Penal Code of that state from which section 1110, *supra,* was copied by the legislature of Arizona:

"A motion in arrest of judgment challenges the sufficiency of the indictment or information to state a public offense. The office of such a motion is neither more nor less than that of a demurrer. It is practically a demurrer interposed to an accusatory pleading after conviction. Necessarily, then, the question the solution of which is here submitted to us is whether the facts stated in the information constitute a public offense."

The judgment is affirmed.

ROSS and LOCKWOOD, JJ., concur.