[Criminal No. 718. Filed April 14, 1930.]

[286 Pac. 824.]

LOUIS JACKSON, Appellant, v. STATE, Respondent.

Mr. Herman Lewkowitz, for Appellant.

Mr. K. Berry Peterson, Attorney General, Mr. Lloyd J. Andrews, Assistant Attorney General, and Mr. George T. Wilson, County Attorney, for the State.

ROSS, J.—The defendant Louis Jackson, with one Frank Brown, was charged by the county attorney by information with "contributory delinquency" and upon a separate trial was convicted. Before sentence he moved that the judgment be arrested on the ground that the information failed to state facts constituting a public offense. On this appeal he also complains of the admission of some evidence, of comments on the evidence by the court, and of instructions.

Since the information appears to be fatally lacking in substance, it will not be necessary to pass on all the errors assigned. The information, omitting the introduction thereto, is as follows:

"On or about the 17th day of July, A. D. 1929, and before the filing of this Information in the County of Maricopa, State of Arizona, said Frank Brown and Louis Jackson, did then and there, by their wrongful and improper acts and conduct, wilfully and unlawfully cause, encourage and contribute to the delinquency of one Ruby Hurst, who was then and there a female child under the age of eighteen years, to wit, then and there of the age of sixteen years, which said wrongful and improper acts and conduct on the part of the said defendants Frank Brown and Louis Jackson, were as follows, to wit:

"That the said Frank Brown and Louis Jackson being adult male persons, did then and there wilfully and unlawfully cause the said Ruby Hurst to have sexual intercourse with the said Louis Jackson, a male person.

"And the County Attorney doth further charge and say that in the manner and form aforesaid, the said Frank Brown and Louis Jackson, did wilfully and unlawfully cause, encourage and contribute to the danger of the said Ruby Hurst growing up to

lead an idle, dissolute and immoral life; contrary to the form, force and effect of the Statute in such cases made and provided and against the peace and dignity of the State of Arizona.''

The Revised Code of 1928 became effective on July 1st, 1929, and before the commission of the act charged against defendant, and therefore contains the law governing the case. The prosecution is under section 4640 of that Code. The pertinent part of such section reads as follows:

''Any person who shall cause, encourage, or contribute to, the dependency or delinquency of a child, as these terms are defined by law, or who shall for any cause be responsible therefor, shall be guilty of a misdemeanor, and be punished by a fine not to exceed five hundred dollars or by imprisonment in the county jail not exceeding one year, or by both such fine and imprisonment.''

What is meant by ''the dependency or delinquency of a child'' must be determined, we think, by reference to other provisions of the statute. Looking to the law concerning juveniles, we find, in section 1928, Revised Code of 1928, as amended by chapter 64, Laws of 1929, definitions, for the purposes of such law, as follows:

''As herein used the words 'neglected child' shall mean a child under such age [18 years] who is destitute, homeless, abandoned, or dependent upon the public for support, or who has not proper parental care or guardianship; 'incorrigible children' shall mean children under such age who are charged by parent or guardian with being unmanageable, or who refuse to obey their parent or guardian in matters where such disobedience is a violation of law; 'delinquent child' shall mean a child under such age, including such as have heretofore been designated 'incorrigible children,' who may be charged with the violation of a law of this state or the ordinance of a town or city.''

It will be noted that this section does not define a dependent child, but that is immaterial so far as the present case is concerned. What we are concerned with now is the definition of a delinquent child. We have such definition as one who is incorrigible and who may be charged with a crime against the law of the state or the ordinance of a city or town. There is set out in the information no fact showing that Ruby Hurst was incorrigible, as above defined, or that she had violated any law of the state or any city or town ordinance. There is a total failure to show by averment that Ruby Hurst was a delinquent child. Under the statute the child must be a delinquent and such delinquency must have been caused, encouraged or contributed to by the defendant or he must have been responsible therefor. These essential ingredients of the offense must not only be alleged, but they must be proved. The information, to be good, should have alleged facts showing that Ruby Hurst was under eighteen years of age, that she was under a charge by her parent or guardian with being unmanageable, or that she had refused to obey her parent or guardian in matters where such disobedience is a violation of law, and that she may be charged with the violation of a law of this state or the ordinance of a town or city, and that the defendant caused, encouraged or contributed thereto or was responsible therefor.

It is alleged that defendant's act "did . . . cause, encourage and contribute to the danger of the said Ruby Hurst growing up to lead an idle, dissolute and immoral life." These descriptive epithets in this last averment are found in subdivisions (13) and (16) of section 255 of the Penal Code of 1913 as one of the definitions of a dependent child, but this section is entirely omitted from the revision of 1928. As the law now is, the ingredients of the offense of

contributing to the delinquency of a child are to be found in sections 4640 and 1928, *supra.*

Under the California Juvenile Court Act (Stats. 1909, p. 213), in *People* v. *Pierro,* 17 Cal. App. 741, 121 Pac. 689, it was held that an information alleging simply that a child was "dependent or delinquent" was fatally defective, in that it failed to show the particular acts committed by the child which made it a delinquent. This case has been frequently referred to and approved. *Edington* v. *Superior Court,* 18 Cal. App. 739, 124 Pac. 450, 128 Pac. 338; *People* v. *Cohen,* 62 Cal. App. 521, 217 Pac. 78; *People* v. *Perfetti,* 88 Cal. App. 609, 264 Pac. 318.

This question is presented upon a motion in arrest of judgment. The information was not demurred to, and its sufficiency to state a public offense was not presented to the court before trial. Coming, as it does, after trial and conviction, it was properly disallowed, providing the defects are any of those enumerated in section 5009 of the Revised Code of 1928 and are such as may be waived. In no view, however, do we think the present information could be construed as stating facts constituting a public offense. The motion in arrest of judgment should have been granted. *Miner* v. *State,* 27 Ariz. 248, 232 Pac. 875; *People* v. *Glass,* 158 Cal. 650, 112 Pac. 281; 16 C. J. 1257, § 2790.

The judgment is reversed and the cause remanded, with directions that further proceedings be had in accordance herewith.

LOCKWOOD, C. J., and McALISTER, J., concur.