[File No. Cr. 103.]

STATE OF NORTH DAKOTA, Respondent, v. HOWARD R. HOPKINS, Appellant.

(252 N. W. 48.)

Opinion filed December 30, 1933.

*M. A. Hildreth,* for appellant.

*A. J. Gronna,* Attorney General, *Albert R. Bergeson,* State's Attorney, and *Roy K. Redetzke,* Assistant State's Attorney, for respondent.

NUESSLE, J. The defendant was charged with the crime of obtaining money by false pretenses contrary to the provisions of § 9968, Comp. Laws 1913. The information charged: "That at said time and place the said defendant, Howard R. Hopkins, did wilfully, unlawfully, feloniously and fraudulently and with the intent to cheat and defraud John Swanton, as the duly authorized and acting administrator of the estate of Verne W. Parker, deceased, obtained from H. C. Brown, the duly authorized and acting agent of the said John Swanton as said administrator, the sum of Five Dollars and Seventy Cents

($5.70) in lawful currency of the United States of America, the property of said John Swanton as said administrator, by means of that certain false and fraudulent written token, to wit: that certain matured check drawn on the National Bank & Trust Company of Jamestown, North Dakota, made payable to Hotel Graver in the sum of Ten Dollars ($10.00), dated the 15th day of December, A. D. 1932; that said Hotel Graver was at said time and still is a part of the property of the estate of the said Verne W. Parker, deceased, of which said John W. Swanton is said administrator, and that said defendant at said time and place well knew that he had no money on deposit or credit with the said drawee bank to meet said check and that said defendant had no right to draw upon said bank in the sum of Ten Dollars ($10.00) or in any sum whatsoever, and that said check was false and fraudulent." To this information the defendant, after his challenges to the information had been overruled, entered a plea of not guilty. The case was tried to a jury and a verdict of guilty as charged in the information was returned. The defendant moved for a new trial. The motion was denied. Judgment was entered on the verdict and the defendant thereupon perfected this appeal from the order denying his motion for a new trial and from the judgment.

The defendant on this appeal predicates error in that the information does not state facts sufficient to constitute a public offense; that the evidence is insufficient to sustain the verdict; that the court erred in its rulings with respect to the admission of evidence; that the state's attorney in his argument to the jury made improper remarks which constituted prejudicial error; and that the court erred in his instructions to the jury.

At the trial the state introduced evidence tending to show that John Swanton was the administrator of the estate of Verne W. Parker, deceased, and that such estate was in process of administration; that at the time of the death of the said Parker he owned and operated the hotel property in the city of Fargo known as the Hotel Graver; that Swanton as administrator of the Parker estate had the said hotel property in his custody and control and continued to operate the same as a hotel; that he employed H. C. Brown as his agent and employee to book the guests registering at the said hotel, assign them rooms, collect the hotel bills incurred by said guests, and turn the money thus

collected over to him as administrator; that on or about the 15th day of December, 1932, the defendant Hopkins registered at said hotel as a guest and incurred a bill there; that thereafter in payment of this bill he tendered a check to the said Brown in the sum of $10 and received back from Brown as change in excess of the amount of said bill the sum of $5.70; that the check was drawn by him on the National Bank & Trust Company of Jamestown, North Dakota, and was made payable to the Hotel Graver; that in fact Hopkins had no account in the said National Bank & Trust Company and payment of the check was refused by said bank. The defendant offered no evidence.

The defendant's challenge to the sufficiency of the information to charge a public offense is based on the same theory as that on which he grounds his challenge to the sufficiency of the evidence to sustain the verdict, that is, that Swanton as administrator was not the owner of the Hotel Graver; that he had only a possessory right to the moneys taken in by the hotel; that in fact the money in the instant case was obtained from Brown; that consequently no money or property was obtained from Swanton by means of the check in question and he was not in any sense defrauded; that it does not appear that the defendant Hopkins knew anything concerning the ownership of the hotel or had any knowledge that the same was being operated by Swanton as administrator; that the intent is an essential element of the offense charged; and that since the defendant was unaware of the existence of Swanton or of his control and management of the hotel there could have been no intent on his part to obtain money or property from Swanton as administrator or to cheat and defraud him.

There is no merit to these contentions. Swanton as administrator was in charge and control of the hotel property. As administrator he had at least a special property in the personalty belonging to the estate, and this included the income accruing to the hotel through its operation. While this income first came into the hands of Brown, and Hopkins cashed the check with and obtained the money on it from Brown, nevertheless Brown was Swanton's agent, accountable to him as such for any money taken in for the use of the rooms of the hotel and, therefore the money thus fraudulently obtained was the money of Swanton as administrator to such an extent as to sustain the allegation of ownership contained in the information. See State v. Carroll, 214

Mo. 392, 113 S. W. 1051, 21 L.R.A.(N.S.) 311, and note. And though Hopkins may not have known this, he did know he was obtaining money that was the property of the operator of the hotel, and he must be said to have intended to defraud that operator, whosoever he might be, by thus obtaining such money. Accordingly, the information is held to state facts constituting a public offense. And, by the same process of reasoning, since the evidence was sufficient to enable the jury to find the existence of the facts thus charged, it was sufficient to sustain the verdict of guilty as returned.

The defendant's next challenge is to the rulings of the court respecting the admission of certain evidence. The trial was had at Fargo in Cass County. The check in question was drawn on a Jamestown bank. One of the deposit ledger clerks of the bank was called as a witness. The books of the bank were not produced. This clerk testified that he was one of the ledger clerks of the bank; that in all there were more than 8,000 depositors having accounts in the bank; that he had charge and custody of the books of the bank showing the depositors therein whose names began with the letter "H"; that he entered all deposits of those persons whose names began with "H" in the deposit ledger; that he had refreshed his memory with respect to the depositors listed therein; and that he knew of his own knowledge that the defendant Hopkins had no deposit in the bank. The defendant objected to the evidence of this witness on the ground it was not the best evidence— that the best evidence was the books of the bank; that they were not produced for examination or inspection.

The inquiry was as to whether Hopkins had a deposit. The answer was that he had not. The evidence was offered to establish a negative fact; that is, that there was no deposit. There was no error in overruling the objection. The nonexistence of a book entry may be established by the parol evidence of one who has knowledge of that fact. See Wigmore, Ev. 2d ed. § 1244, and cases cited. See also Miner v. State, 27 Ariz. 248, 232 P. 875; Moore v. State, 87 Tex. Crim. Rep. 77, 219 S. W. 1097. This is especially so where, as in the instant case, difficulty and inconvenience would attend on the production of the records themselves. The defendant cites and relies upon the case of Sykes v. Beck, 12 N. D. 242, 96 N. W. 844. In this case it was held that the objection that the evidence offered was not the best evidence

was valid as against the testimony of one not the custodian of a public record who had examined that record and of whom inquiry was made as to the absence of an entry therein. The court held that in the case of public records the best evidence of the existence or nonexistence of entries therein is the records themselves; that when because of the voluminous character of the records to be examined or for other sufficient reasons, oral evidence is admissible to show the absence of a record or entry, it should ordinarily be given by the legal custodian, and then only after showing a diligent search; that as a rule the oral evidence of another than the custodian is not the best evidence or competent when the testimony of the legal keeper can be had. That case was not the same as in the instant case. In the instant case the inquiry was made of the custodian of the record—one who made and kept it and was familiar with it and who testified from his own knowledge respecting the fact in issue.

During the course of his argument the state's attorney addressed one of the jurymen by name and asked him a question. Before the question was finished counsel for the defendant objected thereto. The court sustained the objection and the argument along that line was not continued further. The defendant now insists that this constituted reversible error. The trial court in his memorandum opinion has this to say concerning the incident: "During his argument the state's attorney called one juror by name and addressed a rhetorical question to him. Before the question was completed, counsel for the defendant objected. Thereupon the state's attorney remarked that if counsel had waited until he had finished the question he would have answered it himself. In short, that he was not asking for an answer from the juror named. The court admonished the state's attorney and directed the jury to disregard his remarks objected to by the defendant's counsel. It is not perceived how the state's attorney's remarks could be more prejudicial than the practice of attorneys quite common in addressing juries, to stand before a juror, point a finger at him and address a portion of his remarks to him. While this is directed to one juror, it is in fact made in the presence of all the jurors and for the consideration of all the jurors. Under the circumstances, considering the court's admonition to the jury to disregard the state's attorney's remarks, objected to, the

court is of the opinion that the remarks complained of were not prejudicial to the defendant."

It seems to us that the disposition of this matter as made by the trial court was a proper one. Trial courts are vested with a large discretion touching the conduct of the trial, and, in the absence of an affirmative showing of prejudice, their disposition of matters arising' therein will not be disturbed. State v. McGahey, 3 N. D. 293, 55 N. W. 753; State v. Stevens, 19 N. D. 249, 123 N. W. 888; State v. King, 53 N. D. 95, 204 N. W. 969. In the instant case we cannot see how any prejudice resulted from the incident in question. The trial court promptly disposed of the matter, and, in our judgment, his exercise of discretion was proper.

Finally, the defendant excepts to certain of the court's instructions to the jury. The particular ground for the exception is that the court invaded the province of the jury by commenting upon and expressing his opinion with respect to the weight and effect of the testimony. The defendant predicates this contention on that part of the instruction wherein the court charged that evidence had been introduced in the case "tending" to show thus and so. We have examined the record carefully. The court, in that portion of the charge on account of which the defendant complains, did no more than state what the prosecution had attempted to prove. He did not say that the matters in question were in fact proven, but only that the state had offered evidence tending to establish those matters. He immediately followed this statement with the direction that if the jury found that the facts thus attempted to be proved by the state were established beyond a reasonable doubt, then their verdict should be a verdict of guilty, but if they did not so find, then their verdict should be not guilty. The word "tend" means to be directed or have a tendency to any end, object or purpose. Webster's New Int. Dict. See also Hogue v. State, 93 Ark. 316, 124 S. W. 783, 130 S. W. 167; White v. State, 153 Ind. 689, 54 N. E. 763. Even the most captious ought not to find in this statement as made by the court ground for the belief that the court stated the facts. The effect of the statement was merely that the state had offered evidence relating to the particular facts in issue and left it to the jury to say whether or not such evidence was sufficient to establish these facts. The weight or effect of the evidence was not in any way sug-

gested or indicated by his words. The case is wholly different from the case of State v. Mocton, 58 N. D. 191, 225 N. W. 318. There the instruction held erroneous was that there was "evidence showing that the defendant had possessed" the property charged in the information as having been larcenously taken.

The order and judgment are affirmed.

BURR, Ch. J., and CHRISTIANSON, MOELLRING and BURKE, JJ., concur.