ARTHUR F. RICHARDSON *vs.* JOSEPH T. LALUMIERE.

Cumberland.        Opinion, April 17, 1936.

*Grover Welch*, for plaintiff.
*Edward B. Perry*, for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

MANSER, J.    This case came up on exceptions to the acceptance of the report of a Referee. It is an action of assumpsit for lumber sold and delivered. By agreement of the parties the case was referred to a Referee with right of exceptions as to matters of law.

The account of the plaintiff contained seven debit items, amounting to $755.10, and gave credit for payments aggregating $250,

and evidence was offered by the plaintiff in support thereof at the hearing before the Referee.

The defendant admitted the purchase of lumber, but disputed the amount of most of the items and the prices charged. He also claimed credit for an additional payment of $200.

The Referee found in favor of the plaintiff as to the debit items, and allowed the defendant the additional $200 credit which he claimed.

The plaintiff also set up in his writ a charge for interest from July 3, 1931, that time being alleged as the date of demand for payment, and the Referee allowed interest on the net amount found by him to be due from that date to the date of the writ, and reported that judgment should be rendered for $373.39.

The defendant filed specifications of objections, asserting four errors of law on the part of the Referee. The first was to the exclusion by the Referee of two memorandum books kept by the defendant and claimed to be admissible under the shop-book rule as evidence in and of themselves of the amount of lumber purchased by the defendant. One such memorandum book was admitted without objection. The entries therein appear to refer to the first four items, but are unintelligible without explanation, and amount to nothing more than a memorandum. They do not show whether they refer to goods bought or sold. The kind of lumber is not disclosed or the price. The basis of the exception is that the Referee erred in excluding the other books offered by the defendant, which it was alleged showed the amount of some of the lumber purchased and the dates on which it was purchased. The exceptions, however, are not accompanied by the books in question, nor are the entries claimed to be admissible made a part of the record. The court can not determine their admissibility without knowing what they are.

The Referee evidently excluded them on the ground that they were entries made by the purchaser of goods and not by the seller and were merely memoranda made for the convenience of the defendant.

In *Waldron* v. *Priest*, 96 Me., 36, 51 A., 235, 236, the defendant, a lawyer, offered his office docket, which contained this memorandum: "Nov. 18, 1896, paid F. A. Waldron $25 which settles to date

as per agreement. And the court said: "The entry was not a *charge* of goods delivered or services rendered which, for the purpose of preventing a failure of justice, is admitted in evidence as an exception to the general rule. It was merely a memorandum made for the defendant's convenience. Such an entry or memorandum is not admissible in evidence."

"Loose memoranda or entries in diaries or memorandum books used for recording any matter of which the owner may wish to make note, while admissible for the purpose of refreshing the memory of a witness, have generally been excluded as independent evidence." 22 C. J., 871, citing, among other cases, *Waldron* v. *Priest*, supra.

The Referee, while excluding the books themselves, allowed the defendant to refresh his memory by their use, and the defendant testified fully concerning the items in question.

The defendant invokes the aid of Public Laws of 1933, Chap. 59, relating to the admissibility of accounts in evidence, and contends that the books were admissible by virtue of its provisions. It is unnecessary to determine how far the act referred to modifies the shop-book rule as already interpreted by our court.

The defendant had the burden of showing affirmatively that the exclusion was prejudicial to him. It does not appear that he has been aggrieved. The excluded evidence should have been printed as a part of the bill of exceptions.

"Not being printed, it is out of the question to determine whether any prejudice was done by the exclusion of the evidence; . . . The excepting party is bound to see that the bill of exceptions includes all that is necessary to enable us to decide whether the rulings, of which he complains, were or were not erroneous." *Gross* v. *Martin*, 128 Me., 445, 148 A., 680, 681.

The second objection is that the Referee erred in the computation of interest. There was a claim for interest in the declaration, and evidence of demand for payment as early as July 3, 1931. It is true that a quantity of lumber was sold in the summer of 1932, and it appears that the Referee reckoned interest upon the net amount of the account from July 3, 1931. At that date, however, there was a greater sum due than that upon which interest is reckoned. Subsequently there were debit items of $230 and credits of

$250. Under the rule given in *Pierce* v. *Faunce*, 53 Me., 351, the computation was incorrectly made. The report shows that the Referee allowed interest from July 3, 1931, *to March* 26, 1935, which was the date of the writ. An accurate reckoning to that time would give a result slightly less than the amount given in the report. However, assuming a demand on July 3, 1931, the account then became interest bearing and it did not cease to be so when the plaintiff instituted his action. The Referee reported that the plaintiff was entitled to judgment for $305.10 for principal and $68.29 for interest, in all $373.39. By the terms of the award, judgment would be entered for that amount; but the report was not made until the September Term, 1935. No interest was allowed after March 26, 1935, and the plaintiff, not the defendant, was the actual loser by the error of the Referee. The defendant is not aggrieved. The exception can not be sustained.

The third objection is to the disallowance of the defendant's claim for a credit for $69. This was a question of fact. The decision of the Referee was that the payment, admittedly made, was properly credited to a prior account and had nothing to do with the transactions in question. The plaintff so testified.

The last objection is that the Referee erred as a matter of law in finding that the allegations contained in the plaintiff's writ were sustained by evidence. In other words, it is claimed that the evidence did not sustain the facts alleged. The law is so well established it requires no repetition of the rule that findings of fact by a Referee are not exceptionable if there is any evidence of probative value to support them. *Hovey* v. *Bell*, 112 Me., 192, 91 A., 844; *Jordan* v. *Hilbert*, 131 Me., 56, 158 A., 853; *McCausland* v. *York*, 133 Me., 115, 174 A., 383.

Examination of the record shows that the issues of fact were sharply controverted, but there was ample credible evidence to support the award of the Referee.

The entry will be

*Exceptions overruled.*