[Criminal No. 892.   Filed May 6, 1940.]

[102 Pac. (2d) 92.]

JACK WALKER, Appellant, v. STATE OF ARI-
ZONA, Respondent.

Messrs. Lewkowitz & Wein, for Appellant.

Mr. Joe Conway, Attorney General, Mr. Albert M. Garcia, Assistant Attorney General, Mr. Richard F. Harless, County Attorney, and Mr. A. T. Deddens, Assistant County Attorney, for Respondent.

LOCKWOOD, J.—Jack Walker, hereinafter called defendant, was charged with contributing to the delinquency of a minor. He was tried before a jury which returned a verdict of guilty, and was duly sentenced to imprisonment in the county jail. From the verdict and judgment pronounced thereon, he has appealed.

There are two assignments of error, one being that the information was not sworn to as required by the provisions of section 4640, Revised Code of 1928; and the second that the court improperly admitted certain testimony offered by the state in rebuttal. We will consider these questions in their order.

Two separate provisions of our code deal with contributing to the delinquency of a minor, the first being section 4640, *supra,* and the second chapter 91, Session Laws of 1933, which was obviously adopted to

cover a situation pointed out by us in the case of *Jackson* v. *State*, 36 Ariz. 446, 286 Pac. 824.

■ Section 5005, Revised Code of 1928, points out the manner in which an information may be attacked on the ground that it was not subscribed by the county attorney. This method was not followed by defendant, and we have held in the case of *Roman* v. *State*, 23 Ariz. 67, 201 Pac. 551, that a failure to move to set aside an information, as provided by section 973, Penal Code 1913, which is similar in that respect to section 5005, *supra,* on the ground that it is not signed by the county attorney, waives the objection, and that it may not be raised by an objection to the introduction of evidence. While the objection in this case is that the county attorney failed to *swear* to the information, as provided by section 4640, *supra,* we think in principle it is the same as that raised in *Roman* v. *State, supra,* and that the same rule applies. Regardless of the question as to whether the information was based on section 4640, *supra,* in which case the information must not only be signed but must be sworn to, or chapter 91, *supra,* in which case the requirement does not appear, we think any error, if there was one, was waived by the failure to move to set aside the information.

■■ The second question is whether the court improperly admitted certain testimony offered by the state in rebuttal. This requires a brief discussion of certain phases of the evidence. The complaining witness had testified that she visited defendant repeatedly at his place of work; that at times there were other men present, while at other times the defendant was there alone, and it was during these last occasions that most of the acts which it is claimed contributed to her delinquency were committed. The defendant offered the testimony of the owner of the business, from which testimony the jury might reasonably have inferred

the testimony of the complaining witness in regard to defendant ever being alone at his place of work was untrue. In rebuttal the state offered the testimony of three witnesses who testified they had visited the place frequently and found defendant alone. The testimony of the complaining witness was such that it was very material whether the defendant was ever alone in his place of work. The defense offered evidence tending to show that he was not. We think, therefore, it was permissible in rebuttal to negative this testimony. It is true, as contended by defendant, that this testimony in addition to negativing the testimony of defendant's witness on the particular point might have raised certain suspicions in the minds of the jury as to other matters unfavorable to defendant, but if evidence is admissible for any reason, the fact that it also incidentally raises an irrelevant issue does not make the admission of the evidence error. Upon the whole record we are satisfied that the trial court committed no error.

The judgment is affirmed.

ROSS, C. J., and McALISTER, J., concur.