PAUL S. WOODWORTH *vs*. CLARENCE A. LAFOY.

Cumberland.    Opinion, January 29, 1943.

*Chaplin, Burkett & Knudsen*, for the plaintiff.

*Robert A. Wilson*, for the defendant.

SITTING: STURGIS, C.J., THAXTER, HUDSON, MANSER, MURCHIE, CHAPMAN, JJ.

MANSER, J. This is an action to recover property damage caused by an automobile collision. It was heard by a referee, with right of exceptions reserved as to matters of law. The report of the referee awarding damages to the plaintiff for $250 was accepted by a Justice of the Superior Court against objections of the defendant, and exceptions to this ruling bring the case forward. The seven exceptions are directed to alleged elements of negligence on the part of the plaintiff and freedom from negligence on the part of the defendant, all of which from the record were patently questions of fact. The only basis for consideration of the exceptions, under the established rule, is that there was no evidence of probative value to support the finding of the referee. *Richardson* v. *Lalumiere*, 134 Me., 224, 184 A., 392.

On the contrary, the testimony shows that there were no witnesses to the accident, except the parties themselves, and that litigation ensued is sufficient indication that their versions differed. They do agree, however, that the collision took place at or near the entrance of a private road upon a public highway where vision was more or less obscured by bushes. The plaintiff said he was approaching the public way, travelling slowly, and keeping to his right as he was making a right hand turn or curve, that the defendant came into view, driving from the public highway to make a left turn into the private road, but was on his own left side of the road directly in front of the plaintiff's car and "smashed completely into me." He testified that the private road was twenty-one feet wide in the traveled part at the point of impact and there was ample room for two cars to pass each other. In this he is substantially corroborated by a constable called to investigate.

The defendant, on the other hand, asserted that there was but one track or rut in which cars could travel where the private road entered the public way, that both cars occupied it as they approached each other, but he, seeing the plaintiff's car, was able to bring his own to a standstill before his vehicle was struck by that of the plaintiff. He admitted that he was

on the left hand side, but his theory of due care on his own part and negligence on the part of the plaintiff was that he stopped and the plaintiff didn't.

This presents a situation which is clearly for the fact finding tribunal to determine, and it cannot be said that the referee was wrong as a matter of law.

Defendant invokes the rule of the road laid down in R. S., c. 29, § 7:

> "The driver of a vehicle entering a public way from a private road shall yield the right of way to all vehicles approaching on such public way."

But the referee would be justified in finding that rule without application, if he concluded that the plaintiff was proceeding in the only proper course there was for him to follow, and that he would not have interfered with the progress of another car which held its own right hand side when approaching to pass. The real question upon the point is whether the plaintiff should, in the exercise of due care, have seen the defendant negligently approaching, and if so, whether he had opportunity to avoid the accident. *Petersen* v. *Flaherty*, 128 Me., 261, 147 A., 39; *Fitts* v. *Marquis*, 127 Me., 75, 140 A., 909.

While another legal question was presented by the defendant in his brief as to the status of the plaintiff in operating his car on a "private road," and a query as to whether he was a licensee of the owner of the adjoining premises, it was not raised in the pleadings, in the objections to the report of the referee, or in the exceptions to the ruling of the presiding Justice. It did appear in evidence that the plaintiff had a summer residence in the vicinity of the road upon which he traveled back and forth for eleven years. The justifiable conclusion, if the point were open for determination, would be that upon the evidence presented, the plaintiff was entitled to the rights of the ordinary traveler so far as this defendant was concerned.

*Exceptions overruled.*