436 P.2d 139

**STATE of Arizona, Appellee,**

v.

**George Jacob HESS, Appellant.**

**No. 2 CA–CR 68.**

Court of Appeals of Arizona.

Jan. 15, 1968.

---

**46**

Darrell F. Smith, Atty. Gen., by, Carl Wagg, Asst. Atty. Gen., Phoenix, for appellee.

James Roy Kennish, Tucson, for appellant.

KRUCKER, Judge.

The defendant was indicted on February 10, 1966 on three counts of Obtaining Money or Property by Means of False or Bogus Check in violation of A.R.S. § 13–311 as amended, and one count of Drawing Check on No Account, in violation of A.R.S. § 13–316 as amended. From a jury verdict of guilty on all four counts, defendant appeals.

A statement of the facts in the light most favorable to a sustaining of the verdict follows.

On December 16, 1965 defendant cashed checks on two separate occasions at the Bayless Market on North Campbell Avenue. On these occasions, he represented that he was employed by Mack McGinnis, and that the signer of the checks, Jerry McGinnis, was the son of Mack McGinnis. On December 22, defendant cashed another, similar check at the same market. The checks were all counter checks drawn on the Union Bank in the amounts of $70, $164.72, and $145, signed variously, "Gerry J. McGinnis," "Jerry J. McGinnis," and "Jerry McGinnis." On January 6, 1966 defendant cashed a Southern Arizona Bank counter check for $15 at a service station, signing the check as drawer. Testimony showed that defendant had had an account at the Southern Arizona Bank but that it had been closed in May of 1965. Testimony of Stewart "Mack" McGinnis, proprietor of Mack McGinnis. Used Cars, Inc. disclosed that defendant had never been employed by him, that he did not have a son named Jerry, and that he had no account at the Union Bank, either personal or business.

Defendant took the stand and testified that the Mack McGinnis he worked for had an auto repair shop across from Mary's. Restaurant on South Sixth Avenue. He further alleged that the Jerry McGinnis who had signed the checks was in Texas and unavailable. On rebuttal, the State

showed that across from Mary's Restaurant was a motor court that was estimated to have been there some 14 years, and that an investigation of the surrounding neighborhood turned up no garages of the kind described by defendant. Defendant's first assignment of error seems to be that the trial court erred in denying a motion to dismiss at the end of the state's case because there was no showing that the defendant had knowledge of their worthless and fraudulent nature or that he had prepared them himself.

A.R.S. § 13–311 states in pertinent part:

"A. A person who, with intent to cheat and defraud, *obtains or attempts to obtain* from any other person, money, property or valuable thing, *by means or by use of any false or bogus check* * * * is guilty of a felony punishable by imprisonment in the state prison for not less than one nor more than five years." (Emphasis supplied)

■ Defendant was not here charged with forgery or issuing a false or fraudulent check, but rather with obtaining money from another person by means of a check shown to be false or bogus. A conviction for such an act under this statute is proper. See, Miner v. State, 27 Ariz. 248, 232 P. 875 (1925); Patterson v. State, 25 Ariz. 276, 215 P. 1096, 35 A.L.R. 366 (1923). We hold that the jury could have found beyond a reasonable doubt that appellant had the criminal intent and knowledge requisite to conviction from his elaborate and false explanations as to how he came into possession of the checks.

■ Next we come to the contention that it was error for the court to deny defendant's motion for a hearing to determine defendant's sanity under Rules Crim. Proc. 250, 17 A.R.S.[1] At no time during the trial was any reference to the question

of defendant's sanity raised. The matter of granting a sanity hearing is within the sound discretion of the trial court. State v. Reid, 87 Ariz. 123, 348 P.2d 731 (1960). Defendant does not suggest abuse of such discretion in his brief. We find no ground for believing such a hearing necessary on our inspection of the record.

■ On cross examination defendant disclosed that he had been convicted of the felony of forgery in 1944. It is contended that the court's ruling that this testimony was admissible is prejudicial error in that evidence of a conviction so remote in time has no probative value as to the crime for which defendant is being tried and its effect on the minds of the jurors is highly prejudicial. In his brief, defendant states that he moved for a mistrial after the trial judge had ruled that this conviction was too remote to be applicable, but had allowed the answer to stand. Defendant notes in his brief that this motion and ruling do not appear in the record and seeks us to correct the record to make such a showing. The rules governing the power of the court to correct a record on appeal are set forth in Rules Civ.Proc. 75(h), A.R.S. 16. Defendant does not state with particularity any of the circumstances surrounding the alleged omission. There is no support other than the bald assertion in defendant's brief and this is not sufficient grounds on which we can proceed. On the contrary, the record of testimony shows that the trial court considered and ruled upon objections to this matter. Rule 75(h) seems to contemplate supplementing an incomplete record rather than making corrections on a record which seems complete and full on its face. In any event, we will not reverse on the grounds that the testimony of the former conviction was admitted in evidence. This is within the

---

1. Rule 250 states:
"A. If before or during the trial the court has reasonable ground to believe that the defendant, against whom an indictment has been found or information filed, is insane or mentally defective, to

the extent that he is unable to understand the proceedings against him or to assist in his defense, the court shall immediately set a time for a hearing to determine the defendant's mental condition. * * * "

sound discretion of the trial court and will not be reversed absent a clear showing of abuse which is not present here. See Udall, Arizona Evidence at 105.

■ Defendant's final contention is that reversible error was committed by the trial court in allowing testimony that the garage was not in existence as of the day of trial. Defendant contends that the only issue was whether or not the garage was in existence as of the time defendant claimed that he was working there. Testimony of the state's witness showed that there were no garages in the area and that at the place where defendant testified the garage stood there was a building of completely different kind and use which had been there for a number of years. There was no evidence that a building had been recently destroyed in the area. The evidence that no such place was in existence at the time of trial was competent to raise the inference that no such place had been in existence four months earlier.

Under A.R.S. § 13–1715, the Court of Appeals, upon appeal taken by defendant from the judgment, shall review the entire record. In so doing we find a discrepancy between the indictment handed down by the Grand Jury and the sentence as pronounced by the court and as found in the record. The indictment charges three counts of Obtaining Money or Property by Means of False or Bogus Checks (Counts I, II and III) and one count of Drawing Checks on No Account (Count IV). The trial court distinguished carefully in describing the two crimes in its instructions to the jury. The jury returned a verdict of guilty to all four counts. However, the Judgment and Commitment found in the clerk's Record on Appeal states that defendant was "duly convicted in this Court to the charge of 'Obtaining Money or Property by Means of False or Bogus Check' (as charged in Count IV)." Under A.R.S. § 13–1716 this court is empowered to "reverse, affirm or modify the judgment appealed from." State v. Hunter, 102 Ariz. 472, 433 P.2d 22 (Nov. 6, 1967).

We therefore modify the conviction and judgment to read "guilty of drawing checks on no account (as charged in Count IV)." The mere erroneous recital in the formal written judgment should not be allowed to overcome what the whole record establishes to the contrary. While defendant is not entitled to a reversal of his case, he is entitled to have the written judgment so changed as to conform to the actual judgment rendered. State v. Dowthard, 92 Ariz. 44, 373 P.2d 357 (1962). The judgment of conviction as modified is affirmed, and the case is remanded to the trial court for the purpose of passing sentence.

HATHAWAY, C. J., and MOLLOY, J., concur.